710 A.2d 1093

**Samuel W. RUMP, Appellant,**

v.

**The AETNA CASUALTY AND SURETY COMPANY, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 22, 1997.

Decided April 2, 1998.

John L. Sbarbaro, III, West Chester, for Samuel W. Rump.

David L. Lutz, Timothy A. Shollenberger, Harrisburg, for Amicus–Pa. Trial Lawyers Assoc.

Louis E. Bricklin, Michael Saltzburg, Philadelphia, for Aetna.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION OF THE COURT

CASTILLE, Justice.

The sole issue on appeal is whether a person who has selected the "limited tort" option for his automobile insurance policy pursuant to the Motor Vehicle Financial Responsibility Law ("MVFRL")[1] is precluded from recovering noneconomic damages (i.e., pain and suffering) under the uninsured motorist provisions of his insurance policy where the accident was caused by an uninsured motorist whose vehicle was registered in a state other than Pennsylvania. Because we find that the MVFRL precludes such a recovery, we affirm the order of the Superior Court.

The facts for purposes of this appeal are not in dispute. Appellant was a designated insured under an automobile insurance policy issued by appellee, Aetna Casualty and Surety Company ("Aetna"). When purchasing this insurance policy, appellant selected the "limited tort" insurance option pursuant to the MVFRL, 75 Pa.C.S. § 1705. The purchase of the "limited tort" option allowed appellant to reduce his insurance premium. In return for this reduced premium, appellant was generally precluded from recovering for a noneconomic loss[2] unless he sustained a "serious injury"[3] from the accident. 75 Pa.C.S. § 1705(d).

On April 18, 1991, appellant was involved in an automobile accident. The parties stipulated that the accident was caused

---

1. 75 Pa.C.S. § 1701, *et seq.*

2. MVFRL defines a noneconomic loss as "pain and suffering and other nonmonetary detriment." 75 Pa.C.S. § 1702.

3. A "serious injury" is defined by the MVFRL as "a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." 75 Pa.C.S. § 1702.

by an uninsured driver who was operating a motor vehicle registered in the State of Minnesota. As a result of the accident, appellant filed a claim under the uninsured motorist provisions of his automobile insurance policy with Aetna for noneconomic damages. Aetna denied appellant's claim on the grounds that appellant, as a limited tort claimant, was not eligible to recover noneconomic damages because he had not suffered a "serious injury" as defined by the MVFRL.

Appellant responded to Aetna's denial of his claim for uninsured benefits by filing a complaint requesting a declaratory judgment that he was not precluded from maintaining a claim under the uninsured motorist provisions of his automobile insurance policy with Aetna for noneconomic damages. Appellant's complaint admitted that he did not suffer a "serious injury" from the accident. However, appellant claimed he was entitled to recover noneconomic damages because he fell within the following two exceptions set forth in the MVFRL:

**(d) Limited tort alternative**—Each person who elects the limited tort alternative remains eligible to seek compensation for economic loss sustained in a motor vehicle accident as the consequence of the fault of another person pursuant to applicable tort law. Unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be precluded from maintaining an action for any noneconomic loss, except that:

(1) An individual otherwise bound by the limited tort election who sustains damages in a motor vehicle accident as the consequence of the fault of another person may recover damages as if the individual damaged had elected the full tort alternative whenever the person at fault . . .

(ii) is operating a motor vehicle registered in another state . . . or

(iv) has not maintained financial responsibility as required by this chapter, *provided that nothing in this paragraph shall affect the limitation of section 1731(d)(2)* (relating to availability, scope and amount of coverage).

75 Pa.C.S. § 1705(d)(1)(ii) and (iv) (emphasis added).[4]  Thus, appellant claimed he was entitled to recover noneconomic damages pursuant to the uninsured motorist provisions of his policy with Aetna because the person at fault was uninsured and operating a vehicle registered in another state.

Aetna responded to this claim by arguing that the "provided that nothing in this paragraph shall affect the limitation of section 1731(d)(2)" language of 75 Pa.C.S. § 1705(d)(1)(iv) applies to all of the exceptions found in 75 Pa.C.S. § 1705(d)(1).  Thus, Aetna asserted that the limitation of 75 Pa.C.S. § 1731(d)(2)[5] applied to appellant and precluded him from recovering uninsured motorist benefits for noneconomic damages.

The parties then filed cross-motions for summary judgment.  On May 3, 1993, the trial court denied both motions on the basis that there remained genuine issues of material fact still to be determined.  On May 24, 1995, the trial court reversed itself and granted summary judgment in favor of appellant.  In making this decision, the trial court found that the "provided that" clause in 75 Pa.C.S. § 1705(d)(1)(iv), which refers to the limitation of 75 Pa.C.S. § 1731(d)(2), only applied to subparagraph (iv).  Thus, the trial court concluded that appellant was entitled to uninsured motorist benefits for noneconomic damages pursuant to subparagraph (ii) of 75 Pa.C.S. § 1705(d)(1) (driver at fault was operating a motor vehicle registered in another state).

On appeal, the Superior Court reversed the trial court.  After applying principles of statutory construction, the Superior Court found that the "provided that" clause referred to all

4. The other two exceptions to the general rule precluding a "limited tort" driver from recovering noneconomic damages are triggered where the person at fault was driving under the influence or was an intentional tortfeasor.  75 Pa.C.S. § 1705(d)(1)(i) and (iii).  These two exceptions are not at issue in this case.

5. Section 1731(d)(2) provides:

A person precluded from maintaining an action for noneconomic damages under section 1705(relating to election of tort options) may not recover from uninsured motorist coverage or underinsured motorist coverage for noneconomic damages.
75 Pa.C.S. § 1731(d)(2).

of paragraph (1) of 42 Pa.C.S. § 1705(d). Thus, the Superior Court concluded that the limitation of 75 Pa.C.S. § 1731(d)(2) controlled and that none of the exceptions found at 75 Pa.C.S. § 1705(d)(1)(i)–(iv) would allow appellant to recover noneconomic damages from the uninsured motorist provisions of his policy.

This Court granted allocatur in order to determine whether the "provided that" language at 42 Pa.C.S. § 1705(d)(1)(iv) applies only to that particular subparagraph or to all the subparagraphs of paragraph (1) in 42 Pa.C.S. § 1705(d). Our determination of this issue centers on an analysis of the controlling statutory language.

■ When determining the proper application of the "provided that" language, we are guided by the Statutory Construction Act. *See* 1 Pa.C.S. § 1501 *et seq.* The object of all statutory interpretation is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921(a). As this Court has noted, the repeal of the No–Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.101, and the simultaneous enactment of the MVFRL, reflected a legislative "concern for the spiralling consumer cost of automobile insurance and the resultant increase in the number of uninsured motorists driving on public highways." *Paylor v. Hartford Ins. Co.,* 536 Pa. 583, 587, 640 A.2d 1234, 1235 (1994). This legislative concern over the increasing costs of automobile insurance is the public policy which is to be advanced when interpreting the statutory provisions of the MVFRL. *Id.*

The interpretation of what provisions of 75 Pa.C.S. § 1705(d)(1) are affected by the "provided that" languages entails an understanding of how the Pennsylvania Consolidated Statutes are arranged. A section of an act like 75 Pa.C.S. § 1705 is subdivided into subsections, paragraphs, subparagraphs, and such other subdivisions as may be required for clarity of expression and uniformity of style. 1 Pa.C.S. § 301(c). The introduction to the Pennsylvania Consolidated Statutes contains the following remarks:

To encourage uniformity of style, and to provide helpful suggestions relating to the step-by-step mechanics of drafting a codification bill, the Legislative Reference Bureau has published a detailed Style Manual for the Pennsylvania Consolidated Statutes. See 101 Pa.Code § 21.1 et seq. Pa.C.S. *Introduction.* This Style Manual, contained in the Pennsylvania Code, provides the following guidance as to how sections are organized in the Pennsylvania Consolidated Statutes:

### § 23.26   Internal Divisions of sections.

Whenever internal divisions are necessary, subsections shall be identified by lower case letters, paragraphs by Arabic numerals, subparagraphs by lower case Roman numerals, clauses by capital letters and subclauses by capital Roman numerals, all contained within parentheses, as follows:

| Terminology | Illustrative Symbol |
|---|---|
| Subsection | (a) |
| Paragraph | (1) |
| Subparagraph | (i) |
| Clause | (A) |
| Subclause | (I) |

101 Pa.Code § 23.26. Since, as the parties admit, the legislative history of section 1705 is silent as to the proper scope of the "provided that" language, we are guided by the principles enunciated at 101 Pa.Code § 23.26.

Based on these principles, it is clear that provision (1) of subsection 1705(d) (which provides qualifying language to the general rule set forth in subsection (d) that noneconomic damages are not available unless the party suffers a "serious injury") is a paragraph since it is illustrated by an Arabic numeral. It is also clear that provisions (i) through (iv) of paragraph (1) (which provide specific exceptions to the general rule of subsection (d)) are subparagraphs because they are illustrated by a lower case Roman numeral. The language in dispute, which is contained in subparagraph (iv), states "provided that nothing in this paragraph shall affect the limitations of section 1731(d)(2)." Thus, the plain meaning of the language in dispute is that the "provided that" language applies

to all of the provisions of paragraph (1). Therefore, since we must assume that the General Assembly knew what a paragraph meant in terms of constructing a statutory provision, we hold that the plain meaning of the "provided that" language is that the limitations of 75 Pa.C.S. § 1731(d)(2) apply to all the subparagraphs contained in paragraph (1) of subsection 1705(d). Accordingly, a driver who elects limited tort coverage is unable to collect noneconomic damages from uninsured or underinsured motorist provisions of his insurance policy for any accidents set forth in paragraph 1 of 75 Pa.C.S. § 1705(d) because of the limitation at 75 Pa.C.S. § 1731(d)(2).

This conclusion is consistent with the policy behind the enactment of the MVFRL, the concern over the spiraling costs of insurance to residents of Pennsylvania. In three of the four exceptions contained in paragraph (1) of 75 Pa.C.S. § 1705(d), the General Assembly must have concluded that the importance of limiting insurance costs were outweighed by the need to punish or deter tortfeasors who drove under the influence (subparagraph (i)), who intentionally injured others (subparagraph (iii)) and who operated an uninsured vehicle (subparagraph (iv)). In the fourth exception, the General Assembly obviously concluded that it needed to level the playing field between Pennsylvania limited tort insureds and the rights of out-of-state motorists since the MVFRL does not limit the ability of out-of-state motorists from recovering noneconomic damages from Pennsylvania tortfeasors and the allowance of this exception will not affect the insurance rates charged to Pennsylvania motorists. However, the limitation placed on these four exceptions by 75 Pa.C.S. § 1731(d)(2) reflects a legislative determination that allowing uninsured claims under the four exceptions would not deter or punish unacceptable conduct or level the playing field between parties. Instead, allowing such a recovery from the "limited tort" driver's uninsured or underinsured provisions of his policy would act to eliminate the cost savings associated with choosing the limited tort option because it would have an upward effect on insurance rates charged to Pennsylvania insureds.

In reaching this conclusion, the Court recognizes that its interpretation of the "provided that" clause is inconsistent with a regulation promulgated by the Insurance Commissioner at 31 Pa.Code § 68.113, which provides:

### § 68.113 Scope of UM and UIM coverage available to a limited tort elector

It is the Insurance Department's position that a person who selects a limited tort option is not precluded from suing for noneconomic loss or making a claim under his uninsured or underinsured motorist coverage when the conditions of 75 Pa.C.S. § 1705(d)(1)(i)–(iii) (relating to election of tort options) are met. When a person who selects a limited tort option has been injured by an uninsured motorist as described in 75 Pa.C.S. § 1705(d)(1)(iv), the injured person may maintain an action for noneconomic loss, but is precluded by 75 Pa.C.S. § 1731(d)(2) (relating to availability, scope and amount of coverage) from making a claim under his uninsured or underinsured motorist coverage for pain and suffering unless at least one of the conditions of 75 Pa.C.S. § 1705(d)(1)(i), (ii), (iii) is satisfied.

Courts traditionally accord an interpretation of a statutory provision by an administrative agency charged with administering that statute some deference. *Terminato v. Pennsylvania Nat. Ins. Co.*, 538 Pa. 60, 71, 645 A.2d 1287, 1293 (1994). However, the interpretation of a statute is a question of law for the Court to resolve and when the Court is convinced that the interpretive regulation adopted by the administrative agency is clearly erroneous or is violative of legislative intent, the Court disregards the administrative agency's regulation. *Philadelphia Suburban Corp. v. Board of Finance and Revenue*, 535 Pa. 298, 301–02, 635 A.2d 116, 118 (1993). As described above, the Insurance Commissioner's interpretation of the relevant statute in the case *sub judice* disregards the clear manner in which statutes are arranged in the Pennsylvania Consolidated Statutes. Thus, this Court finds that the Insurance Commissioner's interpretative regulation is erroneous and may be disregarded. It is for the legislature, not the

courts or administrative agencies, to alter the construction which must be afforded to the statutory provisions in question.

█ Based on the above, we hold that the "provided that nothing in this paragraph shall affect the limitation of section 1731(d)(2)" language of subparagraph (iv) refers to the entirety of paragraph (1) of 75 Pa.C.S. § 1705(d). Thus, the limitation of 75 Pa.C.S. § 1731(d)(2) applies and precludes a person like appellant who has selected the "limited tort" option for his automobile insurance policy pursuant to the MVFRL from recovering noneconomic damages under the uninsured motorist provisions of his insurance policy even though the accident was caused by an uninsured motorist whose vehicle was registered in a state other than Pennsylvania. In making this ruling, we emphasize that this does not mean that appellant cannot seek noneconomic damages pursuant to 75 Pa.C.S. § 1705(d)(1)(ii) and (iv) in a liability action against the tortfeasor. Instead, this ruling limits only appellant's ability to seek noneconomic damages from the uninsured motorist provisions of his *own* automobile insurance policy with Aetna to instances where he suffers a "serious injury." By limiting appellant's ability to recover such damages, this Court is holding appellant to his voluntary choice of limiting his ability to recover such damages in return for a reduced insurance premium. Accordingly, since appellant has admittedly not suffered a "serious injury", the order of the Superior Court reversing the trial court's grant of summary judgment and declaration that appellant is entitled to recover uninsured motorist benefits for noneconomic damages pursuant to 75 Pa.C.S. § 1705(d)(1)(ii) is affirmed.

NIGRO and CAPPY, JJ., concur in the result.