**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

**SAYLOR, C.J., EAKIN, BAER, TODD, STEVENS, JJ.**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 32 WAP 2014 |
| | : |
| Appellant | : Appeal from the Order of the Superior |
| | : Court entered June 17, 2014 at No. 1198 |
| | : WDA 2013, vacating the Order of the Court |
| v. | : of Common Pleas of Cambria County |
| | : entered July 1, 2013 at No. |
| | : CP-11-CR-0000362-2011 and remanding. |
| RAYMOND W. FARABAUGH, | : |
| | : ARGUED:   April 8, 2015 |
| Appellee | : |

## OPINION

**MR. JUSTICE EAKIN**                    **DECIDED:   DECEMBER 21, 2015**

The Commonwealth appeals from the Superior Court's order finding appellee Raymond Farabaugh is not required to register as a sexual offender.   Upon review, we are constrained to reverse.

In 2011, appellee pled guilty to indecent assault, graded as a second-degree misdemeanor.   See 18 Pa.C.S. § 3126(a)(8), (b)(1).   On June 28, 2011, the trial court sentenced him to two years probation; at the time of sentencing, the law did not require appellee to register as a sexual offender.   Later that year, amendments to Megan's Law added crimes to the list defined as sexually violent offenses, and established a three-tiered system for classifying such offenses and their corresponding registration periods.   See Act of December 20, 2011, P.L. 446, No. 111, § 12 (effective December 20, 2012) (Megan's Law IV).   The 2011 amendments became effective December 20, 2012; they applied to individuals who, as of that date, were convicted of a sexually

violent offense and were incarcerated, on probation or parole, or subject to intermediate punishment.   See id. (codified as amended at 42 Pa.C.S. § 9799.13).   Thus, appellee was subject to the reporting and registration requirements, see 42 Pa.C.S. § 9799.13(2), and, as a Tier-II sexual offender, id., § 9799.14(c)(1.3), was required to register for 25 years, id., § 9799.15(a)(2).

After Megan's Law IV went into effect, appellee filed a "Petition to Enforce Plea Bargain/Habeas Corpus," arguing that ordering him to comply with the new registration and reporting requirements violated his plea agreement and various state and federal constitutional provisions.   The trial court denied the petition, and appellee appealed to the Superior Court.

On March 14, 2014, while the appeal was pending in the Superior Court, after the parties had submitted their briefs, the governor signed Act 19 into law, amending the provisions of Megan's Law again; the Act was effective immediately and made retroactive to December 20, 2012.   See Act of March 14, 2014, P.L. 41, No. 19, §§ 7-8. Relevant to this appeal, Act 19 added the following provision, in pertinent part: "For purposes of this paragraph, the term 'sexually violent offense' … shall not include … [a] conviction under 18 Pa.C.S. § 3126 (relating to indecent assault) where the crime is graded as a misdemeanor of the second degree."   Id., § 3 (codified at 42 Pa.C.S. § 9799.13(3.1)(ii)(B)).

The Superior Court panel sua sponte addressed Act 19, holding the above language exempted appellee from the requirements of Megan's Law.   The panel interpreted paragraph (3.1) as excluding convictions of indecent assault as a second-degree misdemeanor from every class of registrants in 42 Pa.C.S. § 9799.13. Thus, the panel reasoned appellee "effectively never was[] subject to the Megan's Law registration requirements" because Act 19 was made retroactive to December 20, 2012

— the effective date of Megan's Law IV, which appellee was challenging. Commonwealth v. Farabaugh, No. 1198 WDA 2013, unpublished memorandum at 4 (Pa. Super. filed June 17, 2014). As a result, the panel determined appellee's constitutional issues were moot,[1] vacated the trial court's order, and remanded.

The Commonwealth filed a Petition for Allowance of Appeal, and we granted review of the following question:

> Whether the Superior Court erred, while acting sua sponte, when it incorrectly found that new amendments to 42 Pa.C.S. § 9799.13 excluded the crime of [i]ndecent [a]ssault (18 Pa.C.S. § 3126(a)(8)) from list [sic] of mandated sex offender registry crimes.

Commonwealth v. Farabaugh, 105 A.3d 655 (Pa. 2014) (per curiam) (alterations in original); see also 42 Pa.C.S. § 724. As this issue involves statutory construction, which is a pure question of law, our standard of review is de novo, and our scope of review is plenary. Commonwealth v. Stotelmyer, 110 A.3d 146, 149 (Pa. 2015) (citation omitted). "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Id., § 1921(b).

The General Assembly passed Act 19 in response to this Court's decision in Commonwealth v. Neiman, 84 A.3d 603, 605 (Pa. 2013), which struck down prior amendments to Megan's Law because the act in which they were contained violated the single-subject rule, Pa. Const. art. III, § 3. See generally Act of March 14, 2014, P.L. 41, No. 19, § 1 (codified at 42 Pa.C.S. § 9799.11(b)(3)) ("It is the intention of the General Assembly to address the Pennsylvania Supreme Court's decision in Commonwealth v. Neiman, No. 74 MAP 2011 (Pa. 2013), by amending this subchapter in [Act 19]."). As

---

[1] The panel noted appellee waived three other issues for failing to raise them in the trial court. Id., at 3-4 & n.2.

amended by Act 19, 42 Pa.C.S. § 9799.13 is composed of 15 paragraphs,[2] two of which are relevant for this appeal — paragraph (2) and paragraph (3.1), which provide:

> The following individuals shall register with the Pennsylvania State Police … and otherwise comply with the provisions of this subchapter:
>
> > (2) An individual who, on or after the effective date of this section, is, as a result of a conviction for a sexually violent offense, an inmate in a State or county correctional institution of this Commonwealth, including a community corrections center or a community contract facility, is being supervised by the Pennsylvania Board of Probation and Parole or county probation or parole, is subject to a sentence of intermediate punishment or has supervision transferred pursuant to the Interstate Compact for Adult Supervision in accordance with section 9799.19(g).
>
> > \*       \*       \*
>
> > (3.1) The following:
>
> > > (i) An individual who between January 23, 2005, and December 19, 2012, was:
>
> > > > (A) convicted of a sexually violent offense;
>
> > > > (B) released from a period of incarceration resulting from a conviction for a sexually violent offense; or
>
> > > > (C) under the supervision of the Pennsylvania Board of Probation and Parole or county probation or parole as a result of a conviction for a sexually violent offense.
>
> > > (ii) For purposes of this paragraph, the term "sexually violent offense" shall have the meaning set forth in section 9799.12 (relating to definitions), except that it shall not include:
>
> > > > \*       \*       \*

---

[2] Section 9799.13 is not divided into subsections. See 101 Pa. Code § 23.26 ("Internal divisions of sections," discussed infra).

> (B) A conviction under 18 Pa.C.S. § 3126 (relating to indecent assault) where the crime is graded as a misdemeanor of the second degree or where the conviction occurred between January 22, 2006, and January 1, 2007, when the crime is graded as a felony of the third degree.

42 Pa.C.S. § 9799.13(2), (3.1) (emphasis added).

The parties agree that appellee meets the criteria of both paragraph (2) and paragraph (3.1). See Appellee's Brief, at 11; Commonwealth's Brief, at 18-19. The Commonwealth argues the Superior Court panel erred in interpreting paragraph (3.1) as excluding appellee's conviction from every class of registrants in 42 Pa.C.S. § 9799.13, including paragraph (2); indecent assault convictions are excluded only from the class of registrants in paragraph (3.1), and because appellee is a paragraph (2) registrant, the panel erred in holding he does not have to comply with Megan's Law.

The exclusion of indecent assault from the term "sexually violent offense" applies only "[f]or purposes of this paragraph[.]" 42 Pa.C.S. § 9799.13(3.1)(ii) (emphasis added). As the Commonwealth points out, "paragraph" is a technical term that must be analyzed and defined according to its "peculiar and appropriate meaning or definition." 1 Pa.C.S. § 1903. In this regard, the Commonwealth cites 101 Pa. Code § 23.26, which provides: "Whenever internal divisions are necessary, … paragraphs [shall be identified] by Arabic numerals … contained within parentheses[.]" Id. The Commonwealth urges the Court to interpret § 9799.13 consistently with the manner in which we interpreted "paragraph" in Rump v. Aetna Cas. & Sur. Co., 710 A.2d 1093, 1096-97 (Pa. 1998).

Additionally, the Commonwealth argues the two paragraphs do not conflict. It construes paragraph (3.1) as applying only to "offenders (1) whose convictions occurred during the enumerated Megan's Law III time period and (2) who are not also still subject

to imprisonment or supervision as of December 20, 2012." Commonwealth's Brief, at 18. "This interpretation is in accord with the express intent of Act 19," the Commonwealth contends, "which was to respond to the <u>Neiman</u> decision — not to more generally limit [the] retroactive application" of the registration and reporting requirements. <u>Id.</u> (citing 42 Pa.C.S. § 9799.11(b)(3)). But, if we were to determine there is a conflict, the Commonwealth argues the paragraphs are reconcilable. Specifically, while some offenders, like appellee, meet the criteria for paragraph (2) and paragraph (3.1), the Commonwealth asserts "mere overlap between provisions of a statute[,] without more[,] does not mean the paragraphs are irreconcilable." <u>Id.</u>, at 19 (citing <u>Cedarbrook Realty, Inc. v. Nahill</u>, 399 A.2d 374, 383 (Pa. 1979) ("[A] show[ing] that the two statutory schemes are different and may be overlapping … does not amount to irreconcilability under Pennsylvania law.")).

Appellee first argues this Court's decision in <u>Neiman</u> "was not the sole purpose of Act 19" because Act 19 made two additional changes to Megan's Law.[3] Appellee's Brief, at 7 ("[A] … loophole was closed … [and] credit was given to offenders who were required to register prior to [Act 19] for the time periods upon which they had registered before the passage of [Act 19]." (citations omitted)). Appellee posits that because he fits the criteria of paragraph (2) and paragraph (3.1), the provisions are in conflict, and the conflict is irreconcilable. Therefore, appellee argues paragraph (3.1) should be construed as an exception to the general rule in paragraph (2), because paragraph (3.1) is more specific and was enacted after paragraph (2), and nothing suggests the legislature intended for paragraph (2) to control. <u>Id.</u>, at 11 (quoting 1 Pa.C.S. § 1933)

---

[3] However, the legislature's express statement of intent was to the contrary. <u>See</u> 42 Pa.C.S. § 9799.11(b)(3) ("It is the intention of the General Assembly to address the Pennsylvania Supreme Court's decision in <u>Commonwealth v. Neiman</u>, No. 74 MAP 2011 (Pa. 2013), by amending this subchapter in [Act 19].").

("If the conflict between [] two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provisions shall prevail.").

Appellee contends the Commonwealth's interpretation of § 9799.13 would require this Court to read words into the statute. Id., at 12 ("The key language missing from [paragraph] (3.1) would state that individuals who were subject to imprisonment and supervision and who's [sic] imprisonment and supervision has ended prior to December 19, 2012[,] would be exempt under [paragraph] (3.1)."). Finally, appellee argues that ruling for the Commonwealth would have two unintended consequences. First, appellee claims it would "put individuals like [a]ppellee in a separate and distinct class from individuals who were convicted of [i]ndecent [a]ssault as [a m]isdemeanor of the [s]econd [d]egree during the pendency of Megan's Law III but were not require [sic] to register." Id., at 18. Second, appellee claims the Commonwealth's interpretation of paragraph (2) would mandate registration "but for the continued supervision or imprisonment of the individual[,]" which he asserts would "eradicat[e]" this Court's holding that Megan's Law registration and reporting requirements are a collateral, civil consequence of a criminal conviction. Id., at 18-19 (citing Commonwealth v. Leidig, 956 A.2d 399 (Pa. 2008)).

To understand the meaning of the "for purposes of this paragraph" language "entails an understanding of how the Pennsylvania Consolidated Statutes are arranged." Rump, at 1096. Most statutes are "subdivided into subsections, paragraphs, subparagraphs, and other such minor subdivisions as may be required for clarity of expression and uniformity of style." Id. (citing 1 Pa.C.S. § 301(c)). Section 23.26 of

the Pennsylvania Consolidated Statutes Style Manual, 101 Pa. Code §§ 21.1 et seq.,

titled "Internal divisions of sections," provides:

> Whenever internal divisions are necessary, subsections shall be identified by lower case letters, paragraphs by Arabic numerals, subparagraphs by lower case Roman numerals, clauses by capital letters and subclauses by capital Roman numerals, all contained within parentheses, as follows:

| Terminology | Illustrative Symbol |
|---|---|
| Subsection | (a) |
| Paragraph | (1) |
| Subparagraph | (i) |
| Clause | (A) |
| Subclause | (I) |

Id., § 23.26 (emphasis added). Moreover, "we must assume that the General Assembly

knew what a paragraph meant in terms of constructing a statutory provision[.]" Rump,

at 1097.

Based on these principles, we hold the Superior Court erred in finding Act 19

excluded appellee from registering as a sexual offender. It is clear that provision (3.1)

of § 9799.13 is "a paragraph since it is illustrated by an Arabic numeral." Id. If the

legislature intended the paragraph (3.1) exception to apply to each class of registrants in

§ 9799.13, it would have used the phrase "for purposes of this section," but that is not

what the statute says, and we may not read words into an unambiguous statutory

provision. See 1 Pa.C.S. § 1921(b).[4] The phrase "for purposes of this paragraph"

---

[4] Parenthetically, it defies logic that the legislature would exclude all convictions for 18 Pa.C.S. § 3126(a)(8) from every class of registrants in § 9799.13, when that crime continues to be listed as a Tier-II sexual offense, see 42 Pa.C.S. § 9799.14(c)(1.3).

demonstrates the exclusion applies only to paragraph (3.1), as the word "paragraph" in this context is a technical term with a specific meaning.   See 1 Pa.C.S. § 1903.[5]

We reject appellee's contention that paragraph (2) and paragraph (3.1) are irreconcilable.   Paragraph (2) applies to individuals, like appellee, who were still serving sentences on December 20, 2012, whereas paragraph (3.1) pertains to individuals who were convicted, released from prison, or were on probation or parole between January 23, 2005, and December 19, 2012 — the day before the effective date of Megan's Law IV and Act 19.   Accordingly, we hold the second-degree-misdemeanor-indecent-assault exception applies only to paragraph (3.1); thus, the Superior Court erred in concluding appellee did not have to comply with the reporting and registration requirements of Megan's Law.

Order reversed; case remanded to the Superior Court to address the issues appellee preserved for appeal; jurisdiction relinquished.

Mr. Chief Justice Saylor, Mr. Justice Baer, Madame Justice Todd and Mr. Justice Stevens join the opinion.

Mr. Chief Justice Saylor files a concurring opinion in which Madame Justice Todd joins.

---

[5] Further, paragraph (3.2), which also was added by Act 19, refers to "paragraph (3.1)," 42 Pa.C.S. § 9799.13(3.2), thereby buttressing the conclusion that the legislature intended the indecent-assault exclusion to apply only to paragraph (3.1), not the entire section.