J-A26017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID M. KING | : | |
| | : | |
| Appellant | : | No. 1454 WDA 2015 |

Appeal from the PCRA Order September 4, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No(s):  CP-11-CR-0000826-2011

BEFORE:  BENDER, P.J.E., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                    **FILED NOVEMBER 29, 2016**

David M. King appeals from the September 4, 2015 order dismissing his PCRA petition for lack of eligibility for relief under Pa.C.S. § 9541(a)(1)(i).  We affirm.

The relevant facts and procedural history are as follows.  Appellant was the focus of a police investigation into child pornography that found:

> A computer with an IP address was located sharing files on a certain network.  State police, through their investigation, were able to identify the IP address as that of the [Appellant].  The investigation took [state police] to [Appellant's] residence.  The [Appellant's] computer was seized, and on [Appellant's] computer there had been several files with underage boys engaged in sexual activity.

Notes of Testimony (N.T.), 2/7/2012, at 5-6.

In January 2012, Appellant was charged with four counts of dissemination of photographs or films of child sex acts and ten counts of

possession of child pornography.[1]  In February 2012, Appellant entered into a negotiated plea agreement and pled guilty to one count of possession of child pornography, a felony in the third degree.  The remaining charges were nolle prossed.  In exchange for the plea, Appellant signed off on Megan's Law registration and related assessments under 42 Pa.C.S. § 9795.4, identified as a "material term and condition of this disposition."  **See** Disposition under Pa.R.Crim.P. 590(B), 2/7/2012.  Appellant did not object to registration under Megan's Law at that time.

On May 7, 2012, Appellant was sentenced to six to twenty-three months' incarceration for possession of child pornography with automatic parole after six months.  Appellant *pro se* filed a PCRA petition when he did not receive automatic parole in October 2012; however, through counsel, his petition was withdrawn, and Appellant was released from prison in November 2012.  Immediately upon release on November 16, 2012, Appellant was required to complete Megan's Law registration pursuant to the terms of his plea.

On December 20, 2012, the Sex Offender Registration and Notification Act (SORNA) became effective in the Commonwealth of Pennsylvania. SORNA requires convicted sex offenders to register with the Pennsylvania State Police in accordance with a three-tiered system established by the

_____

[1] Respectively, 18 Pa.C.S. §§ 6312(c)(1), 6321(d)(1).

federal government. 42 Pa.C.S. § 9799.13 (enacted 12/20/2011, effective 12/20/2012).

Appellant's right to pursue collateral relief expired on June 6, 2013. *See* 42 Pa.C.S.A. § 9545(b)(1)). Nevertheless, in March 2015, Appellant *pro se* filed a second PCRA petition, this time challenging his plea and sentence; however, the PCRA court dismissed his petition without appointing counsel or a conducting an evidentiary hearing. *See* Trial Ct. Order, 3/10/2015. Appellant did not appeal.

Appellant *pro se* filed a third PCRA petition challenging his plea and sentence on July 10, 2015. Thereafter, Appellant filed an amended, counseled petition on September 1, 2015.[2] Following a hearing, the PCRA court found that Appellant was not eligible for relief and dismissed his petition. *See* Trial Ct. Op., 9/4/2015, at 3. According to the PCRA court, Appellant "already served his May 7, 2012 sentence of 6 to 23 months for

_____

[2] In his third PCRA, Appellant claims, ***inter alia***, that his plea was not voluntary for the following reasons:

> (1) his prior counsel advised him that his sentence would only be 90 days; (2) his prior counsel never advised him that he would have to register on Megan's Law; and (3) his prior counsel never advised him that he would have to attend sexual offenders classes at the prison in order to be automatically paroled. The second issue in the Appellant's amended PCRA petition was a request that his post-sentence /appellate rights be reinstated in order to challenge the length of his sentence, as well as the requirement that he register on Megan's Law.

Appellant's Brief at 5.

possession of child pornography." *See* Trial Ct. Op., 9/4/2015, 1-2. Thus, Appellant could not claim relief from a sentence that he had already served. *See id.* The PCRA court denied Appellant's claim, finding that he was not eligible for relief "solely based upon his current status as a Megan's Law registrant." *Id.* at 3.

Appellant timely filed a notice of appeal and a court-ordered 1925(b) statement. The PCRA court issued a responsive opinion incorporating its earlier decision. *See* Rule 1925(a) Op., 9/18/2015.

On appeal, Appellant presents one issue for review:

> Whether the Trial Court erred in dismissing the Appellant's current PCRA Petition for lack of jurisdiction (in that the Appellant was still a Megan's Law registrant, but was no longer serving his sentence for the case he had filed a PCRA Petition)?

Appellant's Brief at 3.

We apply the following standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted). "[W]here the petitioner raises questions of law, our standard of review is de novo and our scope of review is plenary." *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (quoting *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012)).

"[T]o be eligible for relief under the PCRA, the petitioner must be currently serving a sentence of imprisonment, probation or parole for the

crime." ***Commonwealth v. Williams***, 977 A.2d 1174, 1176 (Pa. Super. 2009) (internal quotation marks removed; citation omitted); ***see*** 42 Pa.C.S.A. § 9543(a)(1)(i). "[T]he PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." ***Williams***, 977 A.2d at 1176 (citation omitted). In such circumstances, dismissal of the petition is proper. ***Commonwealth v. Ahlborn***, 699 A.2d 718, 721 (Pa. 1997).

In this case, Appellant concedes that he is not serving any term of imprisonment, parole, or probation, as required by the PCRA. Nevertheless, Appellant urges us to recognize that the enactment of SORNA imposed new conditions not contemplated at the time he agreed to plead guilty. According to Appellant, these conditions are punitive and mirror those imposed during incarceration or probation. Appellant's Brief at 7-8. Thus, Appellant requests that this Court carve out an exception to Section 9543(a)(1)(i) that would create a basis of relief for sex offenders who are no longer serving a sentence. ***Id.*** at 9. Appellant's argument is without merit.[3]

Registration requirements under Megan's Law do not establish

---

[3] Appellant assertion that he did not know about the Megan's Law requirements is contrary to the certified record, wherein there are several documents Appellant signed acknowledging these requirements as a circumstance of his punishment.

eligibility for relief under the PCRA. *See Williams*, 977 A.2d at 1177.[4] Like Megan's Law, SORNA requires "registration, notification, and counseling," which, as we have held in the past, "are not criminal punishment, but represent non-punitive, regulatory measures designed to safeguard the public." *Id.* at 1176-79 (citations omitted). SORNA is a supplement to Megan's Law, which "'shall not be construed as punitive.'" *Commonwealth v. Perez*, 97 A.3d 747, 758 (Pa. Super. 2014) (quoting 42 Pa.C.S. § 9799.11(b)(2)).[5] Consequently, SORNA's registration, notification, and counseling requirements are collateral consequences of Appellant's convictions that constitute non-punitive conditions. *See Commonwealth v. Farabaugh*, 128 A.3d 1191, 1195 (Pa. 2015); *Commonwealth v. Giannatonio,* 114 A.3d 429, 438 (Pa. Super. 2015) (holding that SORNA constitutes "remedial legislation with a goal of public safety.") (quoting *Commonwealth v. McDonough*, 96 A.3d 1067, 1071 (Pa. Super. 2014),

_____

[4] Reporting requirements of Megan's Law II do not constitute "a sentence of imprisonment, probation or parole for the crime," for which the PCRA may provide relief, but rather a collateral consequence of a criminal conviction. *Williams*, 977 A.2d at 1177; *see* 42 Pa.C.S. 9543(a)(1)(i). Accordingly, "an appellant who is required to submit to the reporting requirements of Section 9795.1 of Megan's Law II, [42 Pa.C.S. §§ 9791-9799.7,] but has also completed a sentence of imprisonment and/or probation, is not eligible for relief under PCRA Section 9543(a)(1)(i)." *Williams*, 977 A.2d at 1175.

[5] The *Perez* Court upheld retroactive application of SORNA registration requirements as constitutional under the Federal and State *ex post facto* clauses. *Perez*, 97 A.2d at 760; *accord Commonwealth v. Turner*, 80 A.3d 754, 758 (Pa. 2013) ("Petitioner has no due process right to be heard outside of the limits imposed by Section 9543(a)(1)(i) of the PCRA").

*appeal denied*, 108 A.3d 34 (Pa. 2015)); ***Coppolino v. Noonan***, 102 A.3d 1254, 1276 (Pa. Cwmlth. 2014) (concluding that SORNA is not punitive, rather rationally related to public safety), *affirmed*, 125 A.3d 1196 (Pa. 2015). Thus, SORNA does not constitute a sentence of imprisonment, probation or parole, and therefore, does not establish Appellant's eligibility for relief under the PCRA. Accordingly, the trial court's dismissal of Appellant's petition was proper. ***Ahlborn***, 699 A.2d at 721.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2016