J-S82011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID MANNING STODGHILL | |
| Appellant | No. 159 MDA 2016 |

Appeal from the Order Entered January 7, 2016
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0002465-2010

BEFORE: OTT, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.: **FILED FEBRUARY 09, 2017**

David Manning Stodghill appeals, *pro se*, from the order entered January 7, 2016, in the Cumberland County Court of Common Pleas, that denied his motion seeking to confirm he is not required to register as a sex offender under the Sexual Offenders Registration and Notification Act ("SORNA")[1] for his 2010 conviction of indecent assault, graded as a second-degree misdemeanor, and corruption of minors.[2] On appeal, he argues the trial court erred in denying his motion because his conviction is not a sexually violent offense under SORNA, and therefore, he should not be

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9799.10-9799.41.

[2] *See* 18 Pa.C.S. §§ 3126(a)(8) and 6301, respectively.

subject to the registration requirements. For the reasons below, we affirm in part and reverse in part.

The relevant facts and procedural history underlying this appeal are as follows. On November 10, 2010, Stodghill entered a global guilty plea in two separate cases: (1) at Docket No. 801-2010, he pled guilty to one count of aggravated indecent assault,[3] and (2) at Docket No. 2465-2010, he pled guilty to one count each of indecent assault, graded as a second-degree misdemeanor, and corruption of minors. Prior to sentencing, the trial court directed Stodghill to undergo an assessment by the Sexual Offender's Assessment Board to determine whether he was a sexually violent predator under the now-repealed Megan's Law.[4] At his May 11, 2011, sentencing hearing, Stodghill stipulated to the Board's assessment that he met the criteria for classification as a sexually violent predator. *See* N.T., 5/11/2011, at 2. Thereafter, the trial court imposed the following sentence: (1) at Docket No. 801-2010, on the count of aggravated indecent assault, a term of four to eight years' imprisonment, and (2) at Docket No. 2465-2010, two concurrent terms of one to two years' imprisonment for the charges of

---

[3] *See* 18 Pa.C.S. § 3125(a)(8). We note that Stodghill's conviction at Docket No. 801-2010 is not at issue in this appeal.

[4] *See* 42 Pa.C.S. § 9795.4 (repealed). Effective December 20, 2012, Megan's Law was replaced by the Sexual Offenders Registration and Notification Act ("SORNA"). *See* 42 Pa.C.S. §§ 9799.10-9799.41 (as amended 2011, Dec. 20, P.L. 446, No. 111, § 12).

indecent assault and corruption of minors. Further, the court directed that Stodghill comply with the lifetime registration requirements of Megan's law as a condition of his sentences at both dockets. *See id.* at 13.

Stodghill did not file a direct appeal. However, on May 21, 2012, he filed a timely, *pro se* PCRA petition at Docket No. 2465-2010. Counsel was appointed, and following an evidentiary hearing, the PCRA court denied relief. A panel of this Court subsequently dismissed his appeal after determining he was no longer serving a sentence as required by 42 Pa.C.S. § 9543(a)(1). *See Commonwealth v. Stodghill*, 96 A.3d 1092 (Pa. Super. 2014) (unpublished memorandum).

Thereafter, on September 2, 2015, Stodghill filed a *pro se* motion to confirm that he is not required to register as a sex offender under SORNA for his convictions of indecent assault and corruption of minors at Docket No. 2465-2010. *See* Motion, 9/2/2015. On January 7, 2016, the trial court entered an order denying the motion, noting Stodghill was subject to a lifetime registration requirement based upon his designation as a sexually violent predator for the crimes at both Docket Nos. 2465-2010 and 801-2010. This timely appeal followed.[5]

---

[5] On January 27, 2016, the trial court ordered Stodghill to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Stodghill complied with the court's directive and filed a concise statement on February 22, 2016. Although it appears Stodghill's statement was filed late, we note that the court did not file the order until January 28, 2016. Therefore, Stodghill had 21 days from that date, or until February 17, 2016,

*(Footnote Continued Next Page)*

On appeal, Stodghill claims he is not required to register under SORNA for either of his convictions at Docket No. 2465-2010, since, pursuant to Section 9799.13(3.1)(ii), neither indecent assault, graded as a second-degree misdemeanor, nor corruption of minors, is a sexually violent offense. *See* Stodghill's Brief at 11. Because his argument concerns the proper interpretation of a statute, "our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Bundy*, 96 A.3d 390 (Pa. Super. 2014).

The provisions of SORNA applicable to the issue on appeal are codified in Section 9799.13, which provides, in relevant part:

> The following individuals shall register with the Pennsylvania State Police as provided in sections 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) and 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police) and otherwise comply with the provisions of this subchapter:
>
> * * * *
>
> (2) An individual who, **on or after the effective date of this section**, is, as a result of a conviction for a sexually violent offense, an inmate in a State or county correctional institution of this Commonwealth, including a community corrections center or a community contract facility, **is being supervised by the Pennsylvania Board of Probation and Parole or county**

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

to file a timely statement. Although Stodghill's statement is time-stamped February 22, 2016, Stodghill noted that the statement was deposited in the prison mail on February 13, 2016. Accordingly, pursuant to the prisoner mailbox rule, we conclude his statement was timely filed. *See Commonwealth v. Robinson*, 12 A.3d 477, 479 n.2 (Pa. Super. 2011).

**probation or parole**, is subject to a sentence of intermediate punishment or has supervision transferred pursuant to the Interstate Compact for Adult Supervision in accordance with section 9799.19(g).

\* \* \* \*

(3.1) The following:

(i) An individual who **between January 23, 2005, and December 19, 2012, was**:

(A) convicted of a sexually violent offense;

(B) released from a period of incarceration resulting from a conviction for a sexually violent offense; or

(C) **under the supervision of the Pennsylvania Board of Probation and Parole** or county probation or parole as a result of a conviction for a sexually violent offense.

(ii) For purposes of this paragraph, the term "sexually violent offense" shall have the meaning set forth in section 9799.12 (relating to definitions), **except that it shall not include**:

(A) Convictions:

(I) Under the following provisions of 18 Pa.C.S. (relating to crimes and offenses): …

**Section 6301** (relating to corruption of minors).

\* \* \* \*

(B) A conviction under **18 Pa.C.S. § 3126 (relating to indecent assault) where the crime is graded as a misdemeanor of the second degree** or where the conviction occurred between January 22, 2006, and January 1, 2007, when the crime is graded as a felony of the third degree.

42 Pa.C.S. § 9799.13(2), (3.1) (emphasis supplied). We note that paragraph (2) was enacted as part of the original SORNA legislation on December 20, 2011, with an effective date of December 20, 2012. **See** 2011, Dec. 20, P.L. 446, No. 111, § 12.[6] However, Paragraph (3.1) was added later, in March 2014, with a retroactive effective date of December 20, 2012. **See** 2014, March 14, P.L. 41, No. 19, § 3.

Here, Stodghill contends his convictions of indecent assault and corruption of minors are exempted, non-registerable offenses under Section 9799.13(3.1). In support, he relies upon this Court's recent decision in **Commonwealth v. Bundy**, 96 A.3d 390 (Pa. Super. 2014).

Similar to the present case, in **Bundy**, prior to the enactment of SORNA, the defendant entered a *nolo contendere* plea to charges of indecent assault, graded as a second-degree misdemeanor, and corruption of minors. **See Bundy**, *supra*, 96 A.3d at 391. At the time of his plea, the defendant was not subject to a registration requirement under Megan's Law. **See id.** However, after the enactment of SORNA,[7] the defendant was informed he would be subject to the 25-year registration period for his conviction of indecent assault, which was classified as a Tier II sexual offense under the

---

[6] The language in subsection (2) was amended slightly in July of 2012. **See** 2012, July 5, P.L. 880, No. 91, § 5.

[7] As noted **supra**, SORNA was enacted on December 20, 2011, with an effective date of December 20, 2012.

new statute.  *See id.* at 392, *citing* 42 Pa.C.S. §§ 9799.14(c)(1.2) and 9799.15(a)(2).   He thereafter filed a petition seeking relief from the registration requirement, which the trial court denied.

On appeal, a panel of this Court determined Bundy was not required to register based upon Section 9799.13(3.1)(ii)(B).   The panel found that paragraph exempted convictions of second-degree misdemeanor indecent assault that occurred between January 23, 2005, and December 29, 2012, from the registration requirements.  *See id.* at 395.  While the panel noted the "possible tension" between that subsection and subsection 9799.13(2), it concluded, "the general provision in Paragraph (2) yields to the specific provision set forth in Paragraph (3.1) and Paragraph (3.1) controls."  *Id.* at 395 n.4.  With regard to Bundy's corruption of minors conviction, the panel explained that under SORNA, only a conviction of 18 Pa.C.S. § 6301(a)(1)(ii) is a registerable offense, and the defendant was convicted under the former Section 6301(a)(1).  *See id.* at 392 n.3.  Accordingly, the panel concluded he was not required to register for his corruption of minors conviction.

Although the **Bundy** decision appears to support Stodghill's argument, he fails to recognize that ruling has been called into doubt by the Pennsylvania Supreme Court's later decision in **Commonwealth v. Farabaugh**, 128 A.3d 1191 (Pa. 2015).

In **Farabaugh**, the defendant pled guilty to indecent assault as a second-degree misdemeanor, and was sentenced, on June 28, 2011, to a term of two years' probation.  *See id.* at 1192.  At the time of sentencing,

- 7 -

the defendant was not required to register under Megan's Law. However, after the enactment of SORNA in 2012, the defendant was subject to the 25-year registration requirement under the Act. **See id.**

The defendant subsequently filed a petition in the trial court seeking a ruling that he was not required to register as a sex offender. When the court denied the petition, he filed an appeal to this Court. While that appeal was pending, the Legislature amended SORNA, adding paragraph (3.1), which, as noted above, exempts from the registration requirements a second-degree misdemeanor conviction of indecent assault that occurred between January 23, 2005, and December 19, 2012. The Superior Court panel addressed the applicability of the amendment *sua sponte*, finding the defendant was not required to register under SORNA. **See id.** at 1193. The Commonwealth then petitioned for allowance of appeal in the Supreme Court.

In analyzing the statutory subsections at issue, the **Farabaugh** Court noted "that [the defendant] meets the criteria of both paragraph (2) and paragraph (3.1)." **Id.** at 1194. However, the Court rejected the defendant's argument that the paragraphs were "irreconcilable." **Id.** at 1196. Emphasizing the language in paragraph 3.1 that states "for purposes of this paragraph," the **Farabaugh** Court found that the indecent assault exclusion applies only to those defendants who meet the requirements of paragraph 3.1. **Id.** Accordingly, the Court held:

Paragraph (2) applies to individuals, like appellee, who were still serving sentences on December 20, 2012, whereas paragraph (3.1) pertains to individuals who were convicted, released from prison, or were on probation or parole between January 23, 2005, and December 19, 2012—the day before the effective date of Megan's Law IV and Act 19. Accordingly, we hold the second-degree-misdemeanor-indecent-assault exception applies only to paragraph (3.1); thus, the Superior Court erred in concluding appellee did not have to comply with the reporting and registration requirements of Megan's Law.

*Id.* at 1197.

Relying on **Farabaugh**, we find the result in the present case is the same. On May 11, 2011, Stodghill was sentenced to a term of one to two years' imprisonment for his conviction of indecent assault. Therefore, on December 20, 2012, the effective date of the SORNA amendments, Stodghill was still serving his sentence for that crime. Pursuant to the reasoning in **Farabaugh**, the indecent assault exception in paragraph (3.1) does not apply, and under paragraph (2), Stodghill is required to comply with the registration requirements of the Act.

However, we agree with Stodghill that he is not required to register as a sex offender for his conviction of corruption of minors. **See** Stodghill's Brief at 11. On November 10, 2010, Stodghill pled guilty to one count of corruption of minors under 18 Pa.C.S. § 6301(a)(1). Effective December 6, 2010, the corruption of minors statute was amended to include subsections (a)(1)(i) and (a)(1)(ii). Subsection (a)(1)(ii) specifically pertains to the corruption of minors in the realm of sexual offenses. **See** 18 Pa.C.S. § 6301(a)(1)(ii). While the former subsection, graded as a first-degree

misdemeanor, was not a registerable offense under Megan's Law, subsection (a)(1)(ii), graded as a first-degree felony, is a Tier I offense, which requires a defendant to register for 15 years. *See* 42 Pa.C.S. §§ 9799.14(b)(8), 9799.15(a)(1).

Because Stodghill did not plead guilty to the subsection of the statute that is a registerable offense, he would only be required to register if we were to determine his conviction was an equivalent crime to subsection (a)(1)(ii). *See* 42 Pa.C.S. § 9799.14(b)(21). A panel of this Court considered and rejected that argument in ***Commonwealth v. Sampolski***, 89 A.3d 1287 (Pa. Super. 2014).

***Sampolski*** involved facts very similar to those presented herein. The defendant pled guilty in June of 2010 to one count of corruption of minors under Section 6301(a)(1), in exchange for which the Commonwealth dismissed some Megan's Law offenses. ***Sampolski***, ***supra***, 89 A.3d at 1287. After the enactment of SORNA, and while he was still under supervision for his conviction, the defendant was notified that he would be required to register as a Tier I sex offender. ***Id.*** at 1288. The defendant filed a petition "to enjoin any registration," which the trial court granted. ***Id.*** On appeal by the Commonwealth, the panel held that the former corruption of minors statute and the later registerable offense were not equivalent crimes. ***Id.*** at 1289 (holding the statutes contain different elements and are graded differently). Therefore, the ***Sampolski*** panel concluded that the defendant was not required to register under SORNA.

- 10 -

The facts presented herein lead to the same result with respect to Stodghill's conviction of corruption of minors. Therefore, to the extent the trial court determined Stodghill was required to register as a sex offender based on his plea to corruption of minors, we find the court erred. Accordingly, we reverse that component of the trial court's order, and remand for the entry of an order declaring Stodghill is not required to register as a sex offender based upon his conviction of 18 Pa.C.S. § 6301(a)(1).

Nevertheless, as discussed *supra*, we agree with the conclusion of the trial court that Stodghill is required to register as a sex offender under SORNA for his conviction of indecent assault. Furthermore, as both the trial court and the Commonwealth point out, Stodghill was classified as a sexually violent predator based upon his concurrent plea to aggravated indecent assault at Docket No. 801-2010, a conviction not at issue herein. Accordingly, as a result of that classification, he is required to register as a sex offender for his lifetime. **See** 42 Pa.C.S. § 9799.15(a)(6).

Order affirmed in part and reversed in part. Case remanded for the entry of a proper order. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/9/2017