J-A12032-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WALTER JAMES KITKO | |
| Appellant | No. 802 WDA 2016 |

Appeal from the Order May 18, 2016
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000501-2010

BEFORE: OLSON, SOLANO and RANSOM, JJ.

JUDGMENT ORDER BY OLSON, J.:          FILED: OCTOBER 23, 2017

Appellant, Walter James Kitko, appeals from an order entered on May 18, 2016 in the Criminal Division of the Court of Common Pleas of Clearfield County. The challenged order granted the Commonwealth's petition to enforce certain registration and reporting requirements set forth in Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.41. Specifically, the trial court determined that because Appellant continued to serve a probationary sentence as of the effective date of SORNA (December 20, 2012) following his 2011 guilty plea to three counts of invasion of privacy, he was subject to SORNA's registration and reporting requirements pursuant to 42 Pa.C.S.A. §§ 9799.13(2). See Trial Court Opinion, 9/22/16, at 3, citing Commonwealth v. Farabaugh, 128 A.3d 1191 (Pa. 2015). Recently,

however, our Supreme Court held that retroactive application of SORNA's reporting and registration requirements violates the ex post facto clause of the United States Constitution. Commonwealth v. Muniz, 164 A.3d 1189, 1218 (Pa. 2017). In light of Muniz, we are constrained to vacate the trial court's May 18, 2016 order directing Appellant to report and register pursuant to SORNA.

Order vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2017