**Steve D. FERRERO, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CH & D ENTERPRISES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 19, 1997.

Decided Jan. 29, 1998.

Reargument Denied April 8, 1998.

Amiel B. Caramanna, Jr., Pittsburgh, for petitioner.

Joseph S. Weimer, Pittsburgh, for respondent.

Edward J. Abes, Pittsburgh, for amicus curiae, Pennsylvania Trial Lawyers Association.

Before COLINS, President Judge, and FRIEDMAN, J., and RODGERS, Senior Judge.

COLINS, President Judge.

Steve Ferrero petitions for review of the order of the Workers' Compensation Appeal Board (Board) granting his employer credit (against an award of past and continuing disability compensation) for gross weekly unemployment compensation (UC) benefits Ferrero received during his period of disability.

The facts in this matter are stipulated. Ferrero sustained a work-related injury in September 1989 and he received workers' compensation benefits until July 1990, when benefits were suspended based on Ferrero's return to light-duty work at no loss of wages. In 1991 through 1993, Ferrero experienced long periods of disability.[1] As of December 13, 1993 Ferrero's total disability recurred, and he applied for and received UC benefits from December 17, 1993 through September 30, 1994.[2] In September 1994, Ferrero petitioned for reinstatement of workers' compensation benefits for the periods of disability while he was working light duty and for the open-ended period beginning on December 17, 1993.

Based on the stipulated facts, the workers' compensation judge reinstated Ferrero's total disability benefits for the periods of disability during 1991 through June 1993 and from December 17, 1993 forward. The judge granted the employer and its workers' compensation insurance carrier credit for the gross amount of UC benefits received by Ferrero from December 17, 1993 through

---

**1.** May 26, 1991 through August 17, 1991; January 4, 1992 through April 4, 1992; May 31, 1992 through August 15, 1992; the week of October 31, 1992; February 20, 1993 through May 1, 1993; and June 5, 1993 through June 19, 1993.

**2.** Ferrero received unemployment compensation at a rate of $309 per week through March 26, 1994 and at a rate of $334 per week from April 2, 1994.

September 1994. The Board affirmed the amount of the credit despite Ferrero's assertion that the employer was entitled to credit only for the net amount of unemployment benefits (i.e., gross amount of benefits less federal and state taxes paid).

Our review in workers' compensation cases is limited to determining whether necessary findings are supported by substantial evidence and whether the Board has committed errors of law or constitutional violations. 2 Pa.C.S. § 704. The issue before us is a question of law: Whether Section 204(a) of the Workers' Compensation Act (Act)[3] entitles the employer to offset the gross amount of unemployment compensation benefits received during periods of dual eligibility.[4]

■ Section 204(a) of the Act provides, in pertinent part, "if the employe receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the [workers' compensation] award." 77 P.S. § 71(a). As noted by the Board, in the case of unemployment compensation benefits, the "amount so received" is the gross amount. Because no taxes are withheld from UC benefits, Ferrero received the gross amount and had the gross amount available for his use even though it was later taxed.

We agree with the Board's conclusion that applying the offset to the net amount of UC benefits would create unnecessary administrative problems. The UC benefits are not taxed until year end, and the amount of tax will vary depending on the employee's tax bracket, deductions, and filing status. Furthermore, as we have noted in the context of subrogation, that workers' compensation benefits are exempt from income taxation and UC benefits are not so exempt is a matter of federal policy.[5] Our General Assembly is presumably aware of the taxability of these benefits, and it did not specify offset of the "net" amount of UC benefits.

If Ferrero had not received the unemployment compensation, he would now be entitled to the full amount of the workers' compensation benefits awarded. Instead, for some reason not of record, Ferrero applied for, and received, unemployment compensation benefits during the same period for which he now asserts that he was totally disabled and unable to perform even his light-duty work. The 1996 amendment to Section 204(a) of the Act was aimed at preventing just this sort of double recovery.

■ Accordingly, we affirm the order of the Board awarding credit for the gross amount of UC benefits received.

### ORDER

AND NOW, this 29th day of January, 1998, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed.

---

**3.** Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 71(a). Before 1993, the credit was available only as a set off against benefits for occupational diseases. In 1993, the credit was extended to offset benefits for partial and total disability benefits.

**4.** The question of Ferrero's eligibility for both total disability benefits and UC benefits is not before the Court.

**5.** *See Marsh v. Workmen's Compensation Appeal Board (Prudential Insurance Company)*, 673 A.2d 33, 35 n. 2 (Pa.Cmwlth.1996).