**Ronald STEINMETZ, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (COOPER POWER SYSTEMS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 6, 2004.

Decided Sept. 16, 2004.

---

10. As Employer did not appeal from the Third Board Order, we do not address the propriety of the penalty awarded here.

David M. Kraft, Pottsville, for petitioner.

Richard A. Estacio, Lancaster, for respondent.

BEFORE: COLINS, President Judge, and COHN JUBELIRER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Ronald Steinmetz (Claimant) petitions for review of a decision of the Workers' Compensation Appeal Board which affirmed the decision of a Workers' Compensation Judge (WCJ) denying his Review Petition. We affirm.

Claimant filed a Review Petition alleging that Cooper Power Systems (Employer) improperly took an offset for Claimant's severance benefits based on the gross amount of the severance he received as opposed to the net amount after withheld taxes. Employer filed an Answer denying the allegations set forth in Claimant's Review Petition. The parties entered into a Stipulation of Fact which states, in relevant part, that:

1. [Claimant] sustained a work injury while in the employ of [Employer] on February 18, 2000.

2. Employer is self-insured for workers' compensation purposes.

. . .

4. Employer's East Stroudsburg facility closed on November 22, 2002. Claimant had been working modified duty until the time of the plant closure.

5. Upon the plant closure, Claimant's workers' compensation benefits were subject to reinstatement.

6. Claimant received severance pay due to the plant closure in the total amount of $9,750 . . .

7. Employer began taking an offset for severance pay in the amount of $375.00 per week against Claimant's reinstated workers' compensation benefits on November 22, 2002.

. . .

The WCJ also made the following relevant Finding of Fact:

4. Claimant's counsel, in his March 28, 2003 cover letter for the Stipulation, did state his belief that the Stipulation was incomplete insofar as it did *not* indicate that Claimant received $6,001.12 in severance benefits after taxes. This March 28, 2003 letter is admitted as WCJ Exhibit No. 2. Thereafter, Claimant's coun-

sel submitted Claimant's November 29, 2002 pay stubs. Defendant made no objection to this submission, accordingly it is admitted to the record as Claimant's Exhibit No. 2. The stub numbered 139375 lists the gross amount for severance pay as $9,750.00 and the net amount after deductions for federal, state and local taxes as $6,001.12.

(emphasis in original). Relying on this Court's decision in *Ferrero v. Workers' Compensation Appeal Board (CH & D Enterprises )*, 706 A.2d 1278 (Pa.Cmwlth. 1998), the WCJ concluded that Employer correctly took an offset for Claimant's severance benefits based on the gross amount of the severance pursuant to Section 204(a) of the Workers' Compensation Act (Act).[1] Accordingly, the WCJ denied Claimant's Review Petition. Claimant appealed to the Board, which affirmed the decision of the WCJ. Claimant's appeal to this Court followed.[2]

On appeal, Claimant argues that the Board erred as a matter of law in computing the severance benefits offset under Section 204(a) of the Act by utilizing the gross amount of the severance benefit instead of the net amount.

Section 204(a) provides, in relevant part, that:

> ... if the employe receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the award ... *The severance benefits paid by the employer directly liable for the payment of compensation and the benefits from a pension plan to the extent funded by the employer directly liable*
> *for the payment of compensation which are received by an employe shall also be credited against the amount of the award ...*

77 P.S. § 71 (emphasis added).

In *Ferrero*, the WCJ granted the employer a credit for the gross amount of unemployment compensation benefits received by the claimant. On appeal, the Board affirmed. On appeal to this Court, we affirmed the Board and held that:

> As noted by the Board, in the case of unemployment compensation benefits, the "amount so received" is the gross amount. Because no taxes are withheld from UC benefits, Ferrero received the gross amount and had the gross amount available for his use even though it was later taxed.

> We agree with the Board's conclusion that applying the offset to the net amount of UC benefits would create unnecessary administrative problems. The UC benefits are not taxed until year end, and the amount of tax will vary depending on the employee's tax bracket, deductions, and filing status. Furthermore, as we have noted in the context of subrogation, that workers' compensation benefits are exempt from income taxation and UC benefits are not so exempt is a matter of federal policy. Our General Assembly is presumably aware of the taxability of these benefits, and it did not specify offset of the "net" amount of UC benefits.

> If Ferrero had not received the unemployment compensation, he would now be entitled to the full amount of the

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 71(a).

2. This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board pro-

cedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corporation v. Workmen's Compensation Appeal Board (Petrisek )*, 537 Pa. 32, 640 A.2d 1266 (1994).

workers' compensation benefits awarded. Instead, for some reason not of record, Ferrero applied for, and received, unemployment compensation benefits during the same period for which he now asserts that he was totally disabled and unable to perform even his light-duty work. The 1996 amendment to Section 204(a) of the Act was aimed at preventing just this sort of double recovery.

*Id.* at 1279 (footnote omitted).

The situation in this case is directly analogous to the one in *Ferrero.* Here, the severance benefits which Claimant received was the gross amount. As with unemployment compensation benefits, Section 204(a) of the Act makes no provision for the offset of the net amount of severance benefits received. Rather, it only provides for an offset for the amount received by Claimant, and he received the gross amount. Therefore, pursuant to the plain language of Section 204(a) and *Ferrero,* Employer correctly took an offset for the gross amount of severance benefits received by Claimant. As such, the Board did not err by affirming the decision of the WCJ.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, September 16, 2004 the order of the Workers' Compensation Appeal Board docketed at A03–2299 and dated March 29, 2004 is hereby AFFIRMED.