DISSENTING OPINION BY
JUDGE WOJCIK
Respectfully, I dissent. In his appeal from the order of the Workers’ Compensation Appeal Board (Board), David C. Harrison (Claimant) argues that the workers’ compensation judge (WCJ) erred in calculating the Commonwealth of Pennsylvania’s (Employer) offset against his workers’ compensation benefits based on the maximum amount of pension benefits Claimant could receive, instead of the amount of pension benefits he does receive. I agree.
Section 204(a) of the Workers’ Compensation Act (Act)[1] allows an employer an offset for the payment of pension benefits that are received by the employee, to the extent the pension benefits are funded by the employer. It states:
[T]he benefits from a pension plan to the extent funded by the employer directly liable for the payment of compensation which are received by an employe shall also be credited against the amount of the award made under [the Act].
77 P.S. § 71(a) (emphasis added). In setting forth the critical words at issue in this case, “are received,” the legislature employed the simple present tense (passive voice).[2] Likewise, the regulation at 34 Pa. Code § 123.8(a) (emphasis added), which allows an offset for “the net amount an employee receives in pension benefits,” is *1031 stated in the present tense. Most importantly, the regulation at 34 Pa. Code § 123.8(c) (emphasis added) expressly states that “[t]he offset may not apply to pension benefits to which an employee may be entitled, but is not receiving.” The relevant language allows an offset based on a present occurrence, and it specifically prohibits applying an offset based on speculative future circumstance. Consequently, this Court cannot affirm the calculation of Employer’s offset from Claimant’s workers’ compensation benefits based on pension benefits Claimant does not receive without disregarding the plain language of Section 204(a) of the Act and violating the regulation authorizing the offset.
Preliminarily, I note that in order to calculate the amount of Claimant’s weekly pension payment, the Majority’s rationale relies on the same actuarial evidence used to determine Employer’s contributions to his pension. However, these actuarial calculations are intended to be applied after, not before, the amount of a claimant’s weekly pension benefit is determined. In contrast to the Majority’s analysis, the amount of the benefit a claimant receives under a defined benefit plan is the starting point in calculating the employer’s contribution for purposes of arriving at the offset figure: the amount the claimant is entitled to receive is established by factors such as his salary and years of service; that figure is multiplied by a factor, determined actuarially, and the result is the amount of the employer’s contribution. Here, the Majority would use the same actuarial factor to determine both ends of the same equation, rendering the analysis mathematically invalid. Moreover, because the calculations used to determine an employer’s contributions to a claimant’s pension are based on actuarial assumptions, such as a claimant’s life expectancy, use of the same data to arrive at a fictitious amount for a claimant’s payment under a defined benefit plan is unsupported by law or logic. While actuarial evidence is appropriately used to resolve disputes concerning the extent to which an employer has funded a claimant’s pension benefit, this appeal is not a dispute over the amount of Employer’s contributions. Therefore, I submit that actuarial evidence concerning the method used to calculate Employer’s contributions is entirely irrelevant to the question before the Court.
We must be mindful that this is a workers’ compensation case, not a pension dispute. The purpose of the offset is not to preserve a pension fund but, rather, to control the cost of workers’ compensation. As we noted in Pennsylvania State University v. Workers’ Compensation Appeal Board (Hensal), 911 A.2d 225 (Pa. Cmwlth. 2006):
In 1996, the legislature, attempting to combat the increasing costs of workers’ compensation in Pennsylvania, amended Section 204(a) of the Act to allow employers an offset against workers’ compensation benefits for social security, severance, and pension benefits simultaneously received by an employee.
⅜⅜⅜
Amended Section 204(a) serves the legislative intent of reducing the cost of workers’ compensation by allowing an employer to avoid paying duplicate benefits for the same loss of earnings .... Similarly, Section 204(a) implicitly recognizes that public policy bars an employer from utilizing an employee’s own retirement funds to satisfy its workers’ compensation obligations ....
Id. at 227-28 (emphasis added) (citations omitted).[3],[4]
*1032 I- suggest that our decision in Philadelphia Gas Works v. Workers’ Compensation Appeal Board (Amodei), 964 A.2d 963, 967 (Pa. Cmwlth. 2009), explaining that an employer is entitled to a credit only for the net benefit received by an employee, offers guidance in this matter:
Although the legislature did not specify whether an offset should be based on the “net” or “gross” amount of these benefits, we observe that allowing a credit for the gross amount of other benefits results in a loss of workers’ compensation benefits to which a claimant is statutorily entitled. In view of an injured employee’s entitlement to receive workers’ compensation without any tax reduction, we will not rely on the absence of specific direction to conclude that the language in Section 204(a) of the Act, granting employers a credit for certain taxable benefits received by the employee during a period of work-related disability, reflects a legislative intent to reduce the employee’s entitlement to workers’ compensation beyond the post-tax amount of those other benefits actually received by the employee and available for his or her use. Indeed, in providing background for its .regulations, the Bureau states, “[o]n June 24, 1996, Governor Tom Ridge signed into law Act 57, which substantially amended the [A]ct. The amendments are intended to combat the rising costs of workers’ compensation in this Commonwealth while protecting the right of employes to be adequately compensated for their work-related injuries.” 28 Pa. B. 329 (Jan. 17, 1998). (Emphasis added.)
Amodei, 964 A.2d at 967.
Consistent with the above analysis, even if Sectioh 204(a) were ambiguous, and even if the regulation at 34 Pa. Code § 123.8(c) did not exist, this Court should not infer a legislative intent to reduce a claimant’s entitlement to workers’ compensation beyond the amount of the pension benefit the claimant presently receives absent an express authorization. Id.[5] To the extent the legislature did not intend the language of Section 204(a) or 34 Pa. Code § 123.8(c) to apply where a claimant receives less in pension benefits than he is entitled to, deferring receipt of such- funds for his later benefit or for the benefit of another, I suggest that clarification of the law is appropriately achieved through- the legislative or the rule-making process.
Finally, I would be faithful to the principles repeated by our Supreme Court in Hannaberry HVAC v. Workers’ Compensation Appeal Board (Snyder, Jr.), 575 Pa. 66, 834 A.2d 524 (2003):
*1033 [W]e take seriously this Court’s settled recognition that ‘[o]ur basic premise in workmen’s compensation matters is that the [Act] is remedial in nature and intended to benefit the worker, and, therefore, the Act must be liberally construed to effectuate its humanitarian objectives.’ Peterson v. Workmen’s Compensation Appeal Bd. (PRN Nursing Agency), 528 Pa. 279 [597 A.2d 1116, 1120] (Pa. 1991) (collecting cases). Accordingly, ‘borderline interpretations of the [Act] are to be construed in the injured party’s favor.’ Harper & Collins v. Workers’ Compensation Appeal Bd. (Brown), 543 Pa. 484 [672 A.2d 1319, 1321] (Pa. 1996), citing Turner v. Jones & Laughlin Steel Corp., 479 Pa. 618 [389 A.2d 42, 47] (Pa. 1978).
Hannaberry, 834 A.2d at 528.
For all of the above reasons, I would apply the statute and regulations as written, and allow Employer an offset that is calculated on the amount of the pension payment Claimant presently receives. Accordingly, I would reverse the Board’s order.
Judge Cosgrove joins in this dissent.

, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 71(a).

. https://owl.enslish.purdue.edu/owl/resource/ 601/02 (last visited June 12, 2017).

. See also, Allegheny Ludlum Corp. v. Workers’ Compensation Appeal Board (Bascovsky), 977 *1032 A.2d 61, 67-68 (Pa. Cmwlth. 2009).

. In Hensal, we also recognized that the legislature had not included in Section 204(a) any method of calculating the offset. "In response to this omission, the Bureau adopted 34 Pa. Code § 123.8.” Allegheny Ludlum Corp., 977 A.2d at 68. In its entirety, the regulation states:
(a) Workers' compensation benefits otherwise payable shall be offset by the net amount an employe receives in pension benefits to the extent funded by the employer directly liable for the payment of workers’ compensation.
(b) The pension offset shall apply to amounts received from defined-benefit and defined-contribution plans.
(c) The offset may not apply to pension benefits to which an employe may be entitled, but is not receiving.
(d) In. calculating the offset amount for pension benefits, investment income attributable to the employer’s contribution to the pension plan shall be included on a prorata basis.
34 Pa. Code § 123.8.

. Compare 34 Pa. Code § 123.9 (application of offset for pension benefits) which addresses, inter alia, an employee’s receipt of pension benefits in the form of a lump sum payment.