IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Dailey,                          :
                    Petitioner        :
                                      :
          v.                          :    No. 97 C.D. 2018
                                      :    Submitted: June 22, 2018
Workers' Compensation Appeal          :
Board (Commonwealth of                :
Pennsylvania),                        :
                    Respondent        :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE SIMPSON                    FILED: August 8, 2018

        In this appeal, we review an employer's notice of workers' compensation benefit offset against an employee's disability pension benefits. John Dailey (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that reversed a Workers' Compensation Judge's (WCJ) order granting Claimant's review offset petition, which challenged the calculation of the pension benefit offset. Claimant argues the Board erred in reversing the WCJ's decision, which determined the Commonwealth of Pennsylvania (Employer) failed to properly calculate the pension benefit offset. Based on our en banc decision in Harrison v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania), 165 A.3d 1019 (Pa. Cmwlth. 2017), appeal denied, 179 A.3d 1 (Pa. 2018), we affirm the Board's order denying Claimant's review offset petition.

**I. Background**

In October 2013, Employer issued a notice of compensation payable (NCP) recognizing Claimant suffered a lumbar sprain and strain in June 2013. The NCP provided for indemnity benefits of $667.07 per week based on an average weekly wage of $1,000.56. Claimant subsequently applied for and received a disability pension with a retirement date of September 8, 2013. He was 68 years old at that time.

Before the WCJ, Claimant represented in his brief that on July 9, 2014, Employer issued a notice of workers' compensation benefit offset. The notice indicated that as of August 2, 2014, a deduction of $163.43 per week would be taken to offset disability pension benefits Claimant received, and Claimant's indemnity benefits would be suspended for 15.2 weeks to recoup an overpayment of $7,657.86 for the period from September 8, 2013 through August 2, 2014.[1]

In July 2014, Claimant filed a review offset petition challenging the calculation of the pension benefit offset. Shortly thereafter, he filed a penalty petition alleging a unilateral cessation of indemnity benefits.[2] Hearings ensued before a WCJ.

---

[1] The Board noted that factual assertions in briefs are not evidence. Sanders v. Workers' Compensation Appeal Board (Marriott Corp.), 756 A.2d 129 (Pa. Cmwlth. 2000). However, it explained, the notice of offset was not placed in evidence and the testimony did not otherwise establish a rationale for Claimant's allegation of a unilateral cessation of indemnity benefits. As such, the Board accepted Claimant's assertion as the only available narrative.

[2] Claimant also filed two review petitions seeking to expand the description of the accepted work injury. Additionally, Employer filed suspension and termination petitions. The WCJ granted Claimant's review petitions, expanding the scope of the accepted work injury and denied Employer's suspension and termination petitions. These determinations are not at issue in this appeal.

Before the WCJ, Employer presented the testimony of Susan Hostetter, the State Employees' Retirement System's (SERS) Director of Benefit Administration (SERS Benefits Director) regarding the manner in which SERS calculates the employer-funded part of Claimant's pension. SERS Benefits Director testified Claimant's benefit is 2% multiplied by years of service multiplied by final average salary multiplied by a class of service multiplier. Claimant elected a joint survivor benefit so his survivor would continue to receive a benefit after his death. Claimant's service credit was 10.2045 years plus .6306 years of active duty in the military, which he purchased. The employer-funded amount is calculated by first determining the amount necessary to fund the employee's benefit over his expected lifetime. The employee contribution is known. The employee contribution plus assumed investment returns on that contribution are subtracted from the total funding needed. The remaining amount is the employer's contribution. SERS Benefits Director testified Claimant's pension contribution was $40,718.58, and Employer's contribution was $61,059.82. The Employer's contribution of $61,059.82 is then "divide[d] … back through the cost of dollar annuity to come up with an annual amount, $8,511.27. Divide that by 12, we get $709.27, which is the monthly employer[-]funded amount …." Reproduced Record (R.R.) at 221a. SERS Benefits Director also testified she prepared an Explanation of the Calculation of Monthly Employer Funded Amount, which explained the calculation of Claimant's maximum single life annuity (MSLA). That document revealed that Claimant's annual disability MSLA was $14,187.11, and his monthly disability MSLA was $1,182.26.

3

Employer also presented the testimony of Brent Mowery (SERS Actuary), an actuary employed by SERS and affiliated with a company known as the Hay Group. SERS Actuary testified that the State Employees' Retirement Code (Retirement Code), 71 Pa. C.S. §§5101-5957, requires annual actuarial valuations and an actuarial investigation, or actuarial experience study, every five years. The actuarial experience study reviews the actuarial assumptions used in the annual actuarial valuations. SERS Actuary explained SERS' funding is typical of defined-benefit pension funding. The funding sources are employer contributions and employee contributions, which are commingled, as well as investment returns. Based on the ongoing nature of the funding, it is not possible to identify the specific amount of employer funding as to any individual participant in the system.

SERS Actuary further testified that it is not possible to calculate a *pro rata* share of investment returns by directly tracking returns on funds contributed by the Commonwealth and individual employees. Employee contributions accumulate until an employee's retirement date. The total funding required is measured as of that date and the employer's responsibility is the remainder of the total funding required. Both the employee and the employer contributions are assumed to earn 7.5% annually from that point forward.

SERS Actuary agreed that SERS' Comprehensive Annual Financial Report (CAFR) for 2013 included a pie chart that showed the funds in the pension fund over the last 10 years as 12% employer contributions, 13% member contributions and 75% investment earnings. He explained that comparing the percentages shown to the individual pension benefit offset calculation that applies

4

to Claimant is "an apples and oranges comparison." R.R. at 297a. Past and future investment returns are taken into account by utilizing assumed investment returns.

SERS Actuary also explained he could not state the percentage of Claimant's pay that Employer contributed into the fund. The percentage of payroll contributed in the aggregate by all employers participating in SERS is known and varies to meet the requirements determined through annual actuarial valuations.

For his part, Claimant submitted a report authored by Adam Reese of PRM Consulting Group (Claimant's Actuary). Claimant's Actuary testified the accumulated value of Claimant's contribution, $40,718.58, was sufficient to pay his monthly benefit of $1,182.26 for at least three years and two months. Therefore, if Claimant was to die before collecting his benefit for three years and two months, for all practical purposes, Claimant would have funded 100% of his pension. Claimant's Actuary further noted SERS used an assumed life expectancy, which would be inaccurate unless Claimant lived exactly 10.68 years after the initiation of his pension.

Claimant's Actuary observed that employees who participate in SERS for less than their vesting period are eligible for a refund of their contributions with 4% interest. Investment earnings over 4% are a source of funding not contributed by an employer. Claimant's Actuary assumed over 5,000 employees are hired each year. Approximately 40% of those employees terminate non-vested. Using a new hire salary of $40,000 and a 6.25% contribution rate, Claimant's Actuary estimated an investment gain on those employees' contributions of over $1.5 million annually

5

of non-employer funding that is not taken into account in the SERS calculation. Claimant's Actuary also stated that investment earnings over 4% on contributions of employees who die non-vested before retirement are also a non-employer funding source not accounted for in the SERS' calculation. As a result, Claimant's Actuary opined the SERS formula overstates the portion of the benefit funded by the employer.

Ultimately, the WCJ found the testimony of SERS Benefits Director credible in part. The WCJ rejected SERS Benefits Director's explanation of the calculation of the monthly employer-funded amount because it relied on actuaries' calculations that did not comply with the Workers' Compensation Act[3] (Act) and Section 123.8 of the Department of Labor & Industry's (Department) regulations, 34 Pa. Code §123.8 ("Offset for pension benefits generally."). Additionally, the WCJ rejected SERS Actuary's testimony as not credible. He found SERS Actuary's calculation did not comply with 34 Pa. Code §123.8(d), and his credibility was undermined by his admission that he could not determine the rate at which the state contributed to Claimant's pension. The WCJ credited Claimant's Actuary's report. Based on these determinations, the WCJ granted Claimant's review offset petition. Employer appealed.

On appeal, the Board determined the WCJ's reasons for rejecting the testimony of SERS Benefits Director and SERS Actuary were erroneous. See Commonwealth of Pa./Dep't of Pub. Welfare v. Workers' Comp. Appeal Bd. (Harvey), 993 A.2d 270 (Pa. 2010); Pa. State Univ. v. Workers' Comp. Appeal Bd.

---

[3] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§1-1041.4, 2501-2708.

(Hensal), 911 A.2d 225 (Pa. Cmwlth. 2005) (holding that an employer can meet its burden of proving the extent of its contribution to a claimant's defined-benefit pension by credible actuarial evidence; the employer need not identify actual contributions to the claimant's pension). As a result, the Board remanded for a determination of Employer's entitlement to an offset consistent with the directives of those cases.

On remand, the WCJ found Employer did not present credible evidence to establish the correct calculation of the offset. The pension benefit offset was calculated using the monthly amount Claimant would receive under the MSLA option, $1,182.26. However, Claimant presented documentary evidence to show the monthly benefit he actually receives is $923, not $1,182.26, based on the joint survivor option he elected. Thus, the WCJ rejected Employer's evidence as not credible because Employer used the wrong amount to calculate the offset. As such, the WCJ again granted Claimant's review offset petition. Employer again appealed to the Board.

Ultimately, the Board reversed, explaining (with emphasis added):

[Employer] presented the testimony of [SERS Benefits Director]. [SERS Benefits Director] testified that Claimant elected the joint survivor benefit so his survivor would continue to receive a benefit after he died. Claimant's annual MSLA was calculated as $14,187.11.

Claimant submitted into evidence a report of [his Actuary]. [Claimant's Actuary's] report states that Claimant earned a single life annuity disability benefit of $14,187.11 ($1,182.26 per month).

On remand, Claimant submitted into evidence a copy of a SERS printout showing, among other things, benefits paid to Claimant for the period October 30, 2015 through September 30, 2016. The gross amount of each payment is $920.14.

On remand, the WCJ found [SERS Benefits Director's] testimony credible but found that the calculation of [Employer's] contribution to Claimant's pension was incorrect. He found [Claimant's Actuary's] report credible in the underlying proceeding.

Upon review, we agree that the WCJ's rejection of [Employer's] calculation of the pension benefit offset was erroneous. The WCJ rejected the calculation because [Employer] used the MSLA rather than the reduced joint survivor benefit amount elected by Claimant. However, the WCJ did not have the benefit of the Court's decision in Harrison, holding that the employer is entitled to an offset based on the claimant's MSLA regardless of the monthly amount paid solely to the claimant under the joint survivor election.

Neither Claimant nor his [Actuary] challenged the accuracy of the calculation of the MSLA. We therefore reverse the WCJ's grant of Claimant's [r]eview [b]enefit [o]ffset [p]etition.

Bd. Op., 12/20/17, at 4-5 (record citations omitted). Claimant now petitions for review to this Court.

## II. Issue

8

On appeal,[4] Claimant argues the WCJ's decision, which determined Employer failed to properly calculate the pension benefit offset, was proper as a matter of law; as such, he asserts the Board erred in reversing that decision.

### III. Discussion
### A. Contentions

Claimant contends that, contrary to the Board's determination, the WCJ's decision was correct. He maintains that the law anticipates that the offset amount is to be determined based on what a claimant *actually receives*. To that end, he argues that statutory and regulatory provisions relating to the offset are worded in the past or present tense, which lends support to the notion that the offset is based on what is paid to a claimant rather than the maximum amount a claimant could receive.

In particular, Claimant asserts that Section 204(a) of the Act allows an employer an offset for the payment of pension benefits received by an employee, to the extent the pension benefits are funded by the employer. It states: "[T]he benefits from a pension plan to the extent funded by the employer directly liable for the payment of compensation <u>which are received by an employe</u> shall … be credited against the amount of the award made under [the Act]." Pet'r's Br. at 13 (quoting 77 P.S. §71(a)) (emphasis added). Additionally, Claimant contends, 34 Pa. Code §123.8(a) states that an offset may be taken for "the net amount an employee receives in pension benefits" and "[t]he offset may not apply to pension benefits to which an

---

[4] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. Harrison v. Workers' Comp. Appeal Bd. (Commonwealth of Pa.), 165 A.3d 1019 (Pa. Cmwlth. 2017), appeal denied, 179 A.3d 1 (Pa. 2018).

9

employee may be entitled, but is not receiving." He maintains these provisions indicate an offset is to be based on what is actually paid to a claimant, and prohibit the application of an offset based on speculation.

Claimant further argues this interpretation is consistent with Philadelphia Gas Works v. Workers' Compensation Appeal Board (Amodei), 964 A.2d 963 (Pa. Cmwlth. 2009), which similarly states that an employer is entitled to a credit only for the net benefit a claimant receives. Thus, Claimant asserts, the Board's reversal of the WCJ's decision here infers a legislative intent not articulated in the above-referenced provisions and not consistent with prior decisions. Claimant contends an employer or its insurer bears the burden of proof in a petition to review offset proceeding. Dep't of Pub. Welfare Polk Ctr. v. Workers' Comp. Appeal Bd. (King), 884 A.2d 343 (Pa. Cmwlth. 2005). And, he maintains, even allowing an employer the benefit of not having to state with certainty the amount of the employer-funded contribution, see Harvey; Hensal, Employer failed to meet its burden here because a review of the evidence reveals Claimant did not receive the monthly benefit amount Employer allegedly paid.

Further, Claimant argues, Employer submitted evidence, through the testimony of SERS Benefits Director and SERS Actuary that based on Claimant's pension of $1,182.26, according to the SERS formula, Employer's offset amount is $709.27. R.R. at 220a-22a, 231a-32a, 281a. But, according to the checks enclosed with his brief to the Board, Claimant asserts, which he requested be admitted into the record, he is receiving approximately $920 per month in pension benefits. Thus, Claimant contends, Employer's calculations are incorrect, which discredits the

10

testimony of both SERS Benefits Director and SERS Actuary and gives weight to the opinions of Claimant's Actuary, who opined that the amount for which Employer is seeking a credit is overstated and inaccurate.

Claimant maintains that, although <u>Harvey</u> and <u>Hensal</u> state that an employer need not prove the exact amount of its contribution and can rely on the SERS formula, nothing in those cases excuses an employer from basing its calculations on the correct amount of pension benefits a claimant receives. Claimant argues that, at the very least, the employer should base its calculations on the correct amount of pension benefits the claimant receives, and the evidence Employer submitted establishing the offset here is incorrect. Further, Claimant asserts, Employer presented no testimony that allowed for the correct calculations. Thus, Claimant contends, in the absence of new calculations or evidence from Employer as to the amount of the offset, taking into consideration the fact that Claimant's pension is approximately $920, not $1,182, his review offset petition was properly granted. Claimant maintains Employer did not meet its burden of establishing the offset amount to which it would be entitled. As such, he argues, the Board's decision was in error and should be reversed.

## B. Analysis

Section 204(a) of the Act authorizes an employer to offset a workers' compensation payment by the amount of pension benefits, social security and severance payments paid to the employee. It states, in relevant part (with emphasis added):

> [T]he benefits from a pension plan <u>to the extent funded by the employer</u> directly liable for the payment of compensation <u>which are received by an employe</u> shall also

11

be credited against the amount of the award [of workers' compensation benefits] made under sections 108 and 306, except for benefits payable under section 306(c).

77 P.S. §71(a). The offset eliminates "double payment for the same loss of wages." City of Pittsburgh v. Workers' Comp. Appeal Bd. (Wright), 90 A.3d 801, 811 (Pa. Cmwlth. 2014). The Department adopted a regulation to implement Section 204 of the Act. It states, in pertinent part: "Workers' compensation benefits otherwise payable shall be offset by the net amount an employe receives in pension benefits to the extent funded by the employer directly liable for the payment of workers' compensation." 34 Pa. Code § 123.8(a) (emphasis added).

In addition, under Section 5705 of the Retirement Code, 71 Pa. C.S. §5705, an eligible beneficiary upon retirement could choose to receive either a MSLA or a reduced annuity certified by the actuary to be actuarially equivalent to the MSLA in accordance with one of four options. Hoffman v. State Emps.' Ret. Bd., 915 A.2d 674 (Pa. Cmwlth. 2006). Relevant here, Section 5705(a) of the Retirement Code provides the following options:

> **(1) Option 1.**—A life annuity to the member with a guaranteed total payment equal to the present value of the [MSLA] on the effective date of retirement with the provision that, if, at his death, he has received less than such present value, the unpaid balance shall be payable to his beneficiary.
>
> **(2) Option 2.**—A joint and survivor annuity payable during the lifetime of the member with the full amount of such annuity payable thereafter to his survivor annuitant, if living at his death.

71 Pa. C.S. §5705(a) (1)-(2).

Here, Claimant did not elect to receive the life annuity Option 1. Rather, he opted for a lower monthly payout under Option 2, which also provided for a full amount survivor benefit for his spouse should he predecease her. Claimant actually received, after deductions, approximately $920 per month. This is approximately $260 per month less than the MSLA option. Claimant argues Employer should have been entitled to a monthly offset based on the amount Claimant *actually received* rather than the MSLA. We rejected this argument in Harrison.

More particularly, in Harrison, this Court considered whether a compensation offset should be based on the claimant's net pension or the maximum amount to which the claimant was entitled. There, as in this case, the claimant did not elect to receive the MSLA option, but rather a lower monthly payout, which provided for full survivor benefits for his spouse in the full amount of his annuity should he predecease her. This Court affirmed the offset taken by the employer based on the maximum monthly pension benefit available to the claimant.

In so doing, we explained that Section 204(a) of the Act "focuses on the extent to which benefits are funded by the employer." Harrison, 165 A.3d at 1027 (quoting Harvey, 993 A.2d at 281). The record in Harrison established that the claimant's pension amount based on his election of the joint survivor benefit was the actuarial equivalent of his MSLA. The claimant's choice resulted in a lower monthly pension amount so that the employer could fund a lifetime pension for both the claimant and his wife. In other words, the employer's funding obligation was not

13

affected by the claimant's choice. As such, "because [the] [e]mployer is partially funding both the annuity to [the] [c]laimant and the survivor annuity for [the] [c]laimant's wife, [the] [e]mployer is entitled to an offset for [the] [c]laimant's MSLA regardless of the amount paid solely to [the] [c]laimant." Id. at 1029 (citing Harvey) (footnote omitted). Therefore, we concluded:

> In sum, pursuant to Section 204(a) of the Act and 34 Pa. Code §123.8(a), an employer is entitled to a workers' compensation offset for pension benefits an employee receives *to the extent funded by the employer*. Here, [the] [c]laimant voluntarily chose a joint and survivor annuity which will require [the] [e]mployer to fund both his and his wife's annuity benefits in an amount equivalent to [the] [c]laimant's MSLA. 71 Pa. C.S. §5705(a); Hoffman. As such, it would be improper to deny [the] [e]mployer an offset for the full amount that it funded [the] [c]laimant's MSLA. Section 204(a) of the Act; Harvey.

Id. (emphasis in original).

Harrison is controlling here. Specifically, as in Harrison, Claimant did not elect to receive his maximum monthly annuity here. Rather, like the claimant in Harrison, Claimant chose a lower monthly payout in the form of a joint survivor benefit so his survivor would continue to receive a benefit after his death. As SERS Benefits Director explained, "[Claimant] chose a joint survivor option. So, if [Claimant and his wife] don't both die at the same time, the wife, or the survivor, will receive the benefit for her lifetime." R.R. at 229a (emphasis added). Claimant makes no attempt to distinguish this case from Harrison. Under Harrison, Employer is entitled to a workers' compensation offset for the pension benefits it funded, and the offset must be calculated on the basis of Claimant's MSLA, not his net pension.

14

As the Board aptly noted, Claimant does not challenge the calculation of his MSLA, and, in his brief to this Court, Claimant does not challenge the calculation of the Employer-funded portion of his monthly MSLA benefit. Rather, citing Philadelphia Gas Works, he asserts the offset should be based on his net monthly pension. However, in Harrison, we rejected the claimant's reliance on Philadelphia Gas Works; therefore, Claimant's reliance on that case is unavailing here.

Indeed, in Department of Corrections v. Workers' Compensation Appeal Board (Clapper) (Pa. Cmwlth., No. 1997 C.D. 2016, filed September 8, 2017), 2017 WL 3927215 at *4-*5 (unreported) (Leavitt, P.J.),[5] appeal denied, 182 A.3d 428 (Pa. 2018), we explained (with underlined emphasis added):

> In Philadelphia Gas Works, the claimant was receiving workers' compensation benefits in the amount of $542 per week when he retired and began receiving a pension. The employer had fully funded the pension plan and took a weekly offset against the claimant's workers' compensation benefits of $264.10. Five years later, the employer issued a second notice increasing the weekly offset to $334.83, by using the pre-tax amount of the claimant's pension benefits to calculate the offset. The employer contended that it was too difficult to calculate the offset on the basis of the claimant's post-tax pension because an individual's tax is affected by many factors and changes from year to year. This Court agreed.
> The holding in Philadelphia Gas Works turned on a Department regulation, which states as follows:
>
> > When Federal, State or local taxes are paid with respect to amounts an employee receives in unemployment compensation, Social Security (old age), severance or pension benefits, *the insurer shall repay the employee for amounts previously*

---

[5] Pursuant to 210 Pa. Code §69.414(a), an unreported panel decision of this Court, issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent.

*offset, and paid in taxes, from workers' compensation benefits, when the offset was calculated on the pretax amount of the benefit received.* To request repayment for amounts previously offset and paid in taxes, the employee shall notify the insurer in writing of the amounts paid in taxes previously included in the offset.

34 Pa. Code §123.4(f) (emphasis added). We concluded:

An employer may calculate the offset based on the gross amount of the other benefit received by the employee, *subject to a correction once the employe notifies the insurer he has paid the required tax.*

Philadelphia Gas Works, 964 A.2d at 966 (emphasis in original).

Here, [the] [c]laimant can choose not to have the tax withheld by SERS at any time. Likewise, he may seek reimbursement from [the] [e]mployer for the taxes he has paid, *i.e.*, in any given year he did not receive a tax refund. In any case, the tax withholding is irrelevant to the calculation of [the] [e]mployer's offset.

In sum, Harrison is dispositive. [The] [e]mployer is entitled to a workers' compensation offset for the pension benefits it funded, and it must be calculated on the basis of the [c]laimant's MSLA, not his net pension.

For all of the above reasons, we discern no error in the Board's reversal of the WCJ's decision granting Claimant's review offset petition. Thus, we affirm the Board's order.

_____
ROBERT SIMPSON, Judge

16

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Dailey,                          :
                    Petitioner        :
                                      :
            v.                        :      No. 97 C.D. 2018
                                      :
Workers' Compensation Appeal          :
Board (Commonwealth of                :
Pennsylvania),                        :
                    Respondent        :

# **O R D E R**

AND NOW, this 8th day of August, 2018, the order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
ROBERT SIMPSON, Judge