IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,   :
Department of Corrections,   :
               Petitioner   :
  :
         v.   :   No. 1997 C.D. 2016
  :   Submitted: May 19, 2017
Workers' Compensation Appeal   :
Board (Clapper),   :
            Respondent   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT           FILED: September 8, 2017

The Commonwealth of Pennsylvania, Department of Corrections (Employer) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) holding that Employer's workers' compensation offset had to be calculated on the basis of the net monthly pension received by Shane Clapper (Claimant). In doing so, the Board reversed the decision of the Workers' Compensation Judge (WCJ) that Claimant's pension elections were irrelevant to the offset to which Employer is entitled. Rather, the WCJ held that the offset must be based upon Claimant's monthly maximum pension amount. On appeal, Employer argues that the Board erred in its interpretation and application of Section 204(a) of the Workers' Compensation Act (Act).[1] We agree and reverse.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §71(a).

On April 24, 2012, Claimant sustained a work-related injury. Employer issued a Notice of Compensation Payable (NCP) describing his injury as a "strain" of the "[righ]t hip and lumbar spine." Reproduced Record at 360a (R.R. __). In accordance with the NCP, Employer paid Claimant weekly disability compensation in the amount of $805.77.

On January 16, 2014, Claimant completed an application for his pension, choosing a retirement date of February 15, 2014. Claimant chose the pension option that included a lifetime survivor benefit to be paid to his wife upon his death. Claimant also chose to withdraw all of his pension contributions, which included the interest earnings thereon. These choices reduced the amount of Claimant's monthly pension benefit.

In June 2014, Employer issued a notice of workers' compensation offset to Claimant. The notice stated that $323.84 would be deducted from his weekly workers' compensation wage-loss benefit of $805.77. This offset represented that portion of Claimant's monthly pension benefit that was funded by Employer. In October 2014, Claimant filed a petition to review compensation offset, asserting that Employer had improperly calculated the offset. The matter was assigned to a WCJ, who conducted a hearing.

The undisputed evidence presented to the WCJ established that the actuarial value of Claimant's pension, *i.e.*, the amount necessary to fund Claimant's pension benefit for his lifetime, was $307,481.91.[2] Of that total,

---

[2] At the hearing, Employer submitted the depositions of Debra Murphy (Murphy), Director of the Benefits Determination Division for the State Employees' Retirement System (SERS), and Brent M. Mowery (Mowery), Senior Principal at Hay Group, who serves as a consultant to SERS. In addition, the parties entered into stipulations regarding the pension options Claimant selected, the **(Footnote continued on the next page . . .)**

Claimant contributed $134,865.88. Murphy Deposition, 4/24/2015, at 20; R.R. 277a. The difference established the actuarial value of the Employer's funding of Claimant's pension, *i.e.*, $172,616.03. Stated otherwise, Employer funded 56.1386% of Claimant's pension. The Maximum Single Life Annuity (MSLA), which is the maximum monthly pension Claimant could have elected, would have totaled $2,503.59 per month.

Claimant made several elections, each of which had the effect of reducing his monthly pension amount. First, Claimant elected an Option 3 Pension, which provides a lifetime pension to the member and a 50% survivor annuity to his designated survivor upon the member's death. This election reduced Claimant's monthly pension amount, but the actuarial value of his pension remained the same because his pension would be paid over two lives, that of Claimant and that of his designated beneficiary. Mowery Deposition, 6/3/2015, at 34-36; R.R. 345a-47a. Second, Claimant elected to withdraw his own contributions and interest by exercising Pension Option 4, which further reduced his maximum monthly pension benefit. Claimant's two pension elections reduced his monthly benefit from $2,503.59 to $2,077.45 per month. R.R. 374a.

From his monthly benefit of $2,077.45, Claimant requested SERS to withhold $102.72 per month for federal income taxes and to withhold $167.39 per month for his health insurance premium. *Id.* Claimant also requested a deduction

---

**(continued . . .)**
amount of his gross monthly pension benefit, and the deductions from his monthly pension benefit. WCJ Decision, 11/17/2015, Finding of Fact No. 5; R.R. 47a.

3

of $514.08 per month for a child support order.[3]  Claimant's directions to SERS to withhold taxes and insurance premiums further reduced his monthly pension of $2,077.45 to $1,807.34 per month.  WCJ Decision, 11/17/2015, at 4; R.R. 48a.

The WCJ rejected Claimant's contention that Employer's offset of 56.1386% should be applied to his net monthly pension of $1,807.34.  The WCJ upheld Employer's notice of weekly offset in the amount of $323.84, which Employer calculated based on Claimant's maximum possible monthly benefit, and dismissed Claimant's review offset petition.  Claimant appealed the WCJ's decision to the Board.

The Board reversed the WCJ, holding that "[a]n employer is only entitled to an offset for the net amount of pension benefits received by the claimant."  Board Adjudication, 11/30/2016, at 3; R.R. 17a.  The Board remanded the matter to the WCJ to recalculate Employer's offset by applying the contribution percentage of 56.1386% to the net amount of Claimant's pension benefit, *i.e.*, $1,807.34.  Employer petitioned for this Court's review.

On appeal,[4] Employer argues, first, that the Board erred in holding that its offset should be based on Claimant's net monthly pension of $1,807.34.  Employer contends that its offset should be calculated based upon the maximum monthly pension benefit available to Claimant, *i.e.*, $2,503.59.  Claimant responds

---

[3] Notably, Claimant conceded that the deduction for child support was not a consideration in determining Employer's offset credit.  R.R. 366a.

[4] This Court's review determines "whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed."  *City of Pittsburgh v. Workers' Compensation Appeal Board (Wright)*, 90 A.3d 801, 805 n. 6 (Pa. Cmwlth. 2014).  When reviewing questions of law, our scope of review is plenary and our standard of review is *de novo*.  *Id.*

that, under Section 204(a) of the Act, 77 P.S. §71(a), pension offset calculations are to be based solely on the *net amount* of pension benefits that he actually receives.

Section 204(a) of the Act authorizes an employer to offset a workers' compensation payment by the amount of pension benefits, social security and severance payments paid to the employee. It states, in relevant part, as follows:

> [T]he benefits from a pension plan to the extent funded by the *employer directly liable for the payment of compensation which are received by an employe* shall also be credited against the amount of the award [of workers' compensation benefits] made under sections 108 and 306, except for benefits payable under section 306(c).

77 P.S. §71(a) (emphasis added). The offset eliminates "double payment for the same loss of wages." *Wright*, 90 A.3d at 811. The Department has adopted a regulation to implement Section 204 of the Act. It states, in relevant part, as follows:

> Workers' compensation benefits otherwise payable shall be offset by the net amount an employe receives in pension benefits *to the extent funded by the employer* directly liable for the payment of workers' compensation.

34 Pa. Code §123.8(a) (emphasis added).

Employer contends that the amount of its funding of Claimant's pension does not change because of Claimant's election of certain benefit options available under the State Employees' Retirement Code (Retirement Code), 71 Pa. C.S. §§5101-5958. We agree.

5

Under the Retirement Code, a member may choose "to receive either a maximum single life annuity [MSLA] … or a reduced annuity certified by the actuary to be actuarially equivalent to the maximum single life annuity ... and in accordance with one of" four options. 71 Pa. C.S. §5705(a). Claimant chose a "reduced annuity" certified as the actuarial equivalent of the MSLA and identified as Option 3 and Option 4, which state:

> (3) Option 3.--A joint and fifty percent (50%) survivor annuity payable during the lifetime of the member with one-half of such annuity payable thereafter to his survivor annuitant, if living at his death.
>
> (4) Option 4.--Some other benefit which shall be certified by the actuary to be actuarially equivalent to the maximum single life annuity, subject to the following restrictions:
>
> > (i) any annuity shall be payable without reduction during the lifetime of the member;
> >
> > (ii) the sum of all annuities payable to the designated survivor annuitants shall not be greater than one and one-half times the annuity payable to the member; and
> >
> > (iii) a portion of the benefit may be payable as a lump sum, except that such lump sum payment shall not exceed an amount equal to the total accumulated deductions standing to the credit of the member that are not the result of contributions and statutory interest made or credited as a result of Class A-3 or Class A-4 service. The balance of the present value of the maximum single life annuity adjusted in accordance with section 5702(b) shall be paid in the form of an annuity with a guaranteed total payment, a single life annuity, or a joint and survivor annuity or any

6

> combination thereof but subject to the restrictions
> of subparagraphs (i) and (ii) under this option.

71 Pa. C.S. §5705(a)(3), (4). By choosing these options, Claimant's maximum monthly pension of $2,503.59 was reduced to $2,077.45. However, Claimant's MSLA remained the same, *i.e.*, $307,481.91.

Recently, in *Harrison v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)*, __ A.3d ___ (Pa. Cmwlth., No. 658 C.D. 2016, filed June 28, 2017) (*en banc*), this Court considered the issue of whether the compensation offset should be based upon the claimant's net pension or the maximum amount to which the claimant was entitled. In *Harrison*, the claimant did not elect to receive the maximum single life annuity benefit option, but, rather, a lower monthly payout under Option 2,[5] which provided for full survivor benefits for his spouse in the full amount of his annuity should he predecease her. This Court affirmed the offset taken by the employer, *i.e.*, the Commonwealth, based on the maximum monthly pension benefit available to the claimant.

We explained that Section 204(a) of the Act "focuses on the extent to which benefits are funded by the employer." *Harrison*, __ A.3d at __, Slip Op. at 15 (citing *Department of Public Welfare v. Workers' Compensation Appeal Board (Harvey)*, 993 A.2d 270, 281 (Pa. 2010)). The record established that the claimant's pension amount, after choosing Option 2, was the actuarial equivalent of his MSLA. That choice resulted in a lower monthly pension amount so that the

---

[5] Option 2 provides for "[a] joint and survivor annuity payable during the lifetime of the member with the full amount of such annuity payable thereafter to his survivor annuitant, if living at his death." 71 Pa. C.S. §5705(a)(2). Option 3 provides a 50% survivor benefit. 71 Pa. C.S. §5705(a)(3).

7

employer could fund a lifetime pension for both the claimant and his wife. Stated otherwise, the Commonwealth's funding obligation was not affected by Claimant's choices. We concluded that "because [the employer] is partially funding both the annuity to [the c]laimant and the survivor annuity for [the c]laimant's wife, [the employer] is entitled to an offset for [the c]laimant's MSLA regardless of the amount paid solely to [the c]laimant." *Harrison*, __ A.3d at ___, Slip Op. at 19.

Here, as in *Harrison*, Claimant did not elect to receive his maximum monthly annuity. Rather, he chose a lower monthly payout under Option 3, which provided him an annuity payable for his lifetime with one-half of the annuity payable to his survivor. Claimant has not challenged the calculation of his MSLA or the amount of Employer's funding of the MSLA. Rather, he asserts that the offset should be based on his net monthly pension. In support, Claimant directs this Court to *City of Philadelphia v. Workers' Compensation Appeal Board (Harvey)*, 994 A.2d 1 (Pa. Cmwlth. 2010), and *Philadelphia Gas Works v. Workers' Compensation Appeal Board (Amodei)*, 964 A.2d 963 (Pa. Cmwlth. 2009) (*en banc*).

In *Harvey*, the claimant received a disability pension in the amount of $2,292.21 per month and a workers' compensation benefit in the amount of $2,289.84 a month. By ordinance, the City of Philadelphia was entitled to offset the claimant's pension benefit by the amount of the claimant's workers' compensation benefit, which left a pension of $2.27 per month. The City then sought to offset the claimant's workers' compensation against his pension, 53.983% of which was funded by the City. Stated otherwise, the City wanted to reduce the claimant's pension by 100% of the claimant's workers' compensation

8

benefit and then reduce the workers' compensation benefit by 54% of the claimant's pension. The Board rejected the City's attempt to double the offset. Rather, it held that the City could reduce claimant's $2.27 pension by 54%. This authorized an offset to the claimant's weekly compensation of $0.28. We affirmed.

Claimant's reliance on *Harvey* is misplaced. As explained in *Harrison*, this Court did not address the concept of actuarial equivalency in *Harvey*. *Harrison*, __ A.3d at __, Slip Op. at 16. Further, Employer has not used Claimant's compensation to reduce his pension, as was the case in *Harvey*.

In *Philadelphia Gas Works*, the claimant was receiving workers' compensation benefits in the amount of $542 per week when he retired and began receiving a pension. The employer had fully funded the pension plan and took a weekly offset against the claimant's workers' compensation benefits of $264.10. Five years later, the employer issued a second notice increasing the weekly offset to $334.83, by using the pre-tax amount of the claimant's pension benefits to calculate the offset. The employer contended that it was too difficult to calculate the offset on the basis of the claimant's post-tax pension because an individual's tax is affected by many factors and changes from year to year. This Court agreed.

The holding in *Philadelphia Gas Works* turned on a Department regulation, which states as follows:

> When Federal, State or local taxes are paid with respect to amounts an employee receives in unemployment compensation, Social Security (old age), severance or pension benefits, *the insurer shall repay the employee for amounts previously offset, and paid in taxes, from workers' compensation benefits, when the offset was calculated on the pretax amount of the benefit received.* To request repayment for amounts previously offset

9

and paid in taxes, the employee shall notify the insurer in writing of the amounts paid in taxes previously included in the offset.

34 Pa. Code §123.4(f) (emphasis added). We concluded:

An employer may calculate the offset based on the gross amount of the other benefit received by the employee, *subject to a correction once the employe notifies the insurer he has paid the required tax.*

*Philadelphia Gas Works*, 964 A.2d at 966 (emphasis in original).

Here, Claimant can choose not to have the tax withheld by SERS at any time. Likewise, he may seek reimbursement from Employer for the taxes he has paid, *i.e.*, in any given year he did not receive a tax refund. In any case, the tax withholding is irrelevant to the calculation of Employer's offset.

In sum, *Harrison* is dispositive. Employer is entitled to a workers' compensation offset for the pension benefits it funded, and it must be calculated on the basis of the Claimant's MSLA, not his net pension.

In its second issue, Employer contends that the Board erred in holding that its offset must be adjusted by the amount Claimant's pension is reduced for his health insurance premiums. Claimant responds that Section 204(a) of the Act allows an employer an offset only against the amount of compensation that he actually receives each month.

Section 123.8(a) of Title 34 of the Pennsylvania Code states:

Workers' compensation benefits otherwise payable shall be offset by the *net* amount an employe receives in pension benefits to the extent funded by the employer directly liable for the payment of workers' compensation.

10

34 Pa. Code §123.8(a) (emphasis added).  The Department's regulations define "net" as follows:

> The following words and terms, when used in this chapter, have the following meanings, unless the context clearly indicates otherwise:
>
> * * *
>
> *Net*--The amount of unemployment compensation, Social Security (old age), severance or pension benefits received by the employe after required deductions for local, State and Federal taxes and amounts deducted under the Federal Insurance Contributions Act (FICA) (26 U.S.C.A. §§ 3101--3126).

34 Pa. Code §123.2.  The regulation is silent on the withholding of health insurance premiums.  Had Claimant not elected that withholding, he would have had to pay the premium by separate check.  Instead, he directed SERS to make the payment on his behalf.  This direction is irrelevant under 34 Pa. Code §123.8(a), and the Board erred in otherwise holding.

In its third issue, Employer contends that the Board erred in requiring that it calculate the offset on the basis of Claimant's after-tax pension amount.  Employer contends that the Department's regulation expressly allows it to calculate the offset based upon Claimant's pre-tax pension benefit as was established in *Philadelphia Gas Works*, 964 A.2d 963.  We agree.

As discussed above, in *Philadelphia Gas Works* we held that calculating the offset on the basis of a claimant's after-tax pension amount presented an extreme administrative challenge because it is impossible in any given year to know the amount of a claimant's tax liability.  Thus, we held that the

regulation gives employers the discretion to calculate the offset on the gross, or pre-tax, amount owed to a claimant. 34 Pa. Code §123.4(f). Thereafter, a claimant is entitled to reimbursement upon demonstrating to the employer that the taxes withheld were not refunded by the taxing authorities. This was reiterated in *Harrison*, ___ A.3d ___, Slip Op. at 21.

For the reasons stated above, the Board erred in reversing the WCJ's determination that Employer is entitled to a workers' compensation offset for pension benefits based upon Claimant's monthly maximum single life annuity notwithstanding Claimant's voluntary election to receive a lower monthly pension payout. Accordingly, the order of the Board is reversed.

_____
MARY HANNAH LEAVITT, President Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania, :
Department of Corrections, :
                Petitioner :
                 :
         v. : No. 1997 C.D. 2016
                 :
Workers' Compensation Appeal :
Board (Clapper), :
             Respondent :

# **O R D E R**

AND NOW, this 8th day of September, 2017, the order of the Workers' Compensation Appeal Board dated November 30, 2016, in the above-captioned matter is REVERSED consistent with the attached opinion.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania, :
Department of Corrections, :
               Petitioner :
                :
                :
        v. :
                :
Workers' Compensation :
Appeal Board (Clapper), : No. 1997 C.D. 2016
         Respondent : Submitted: May 19, 2017


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE COSGROVE               FILED:  September 8, 2017


        As I joined the dissent of the Honorable Michael H. Wojcik in *Harrison v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania),* __A.3d__ (Pa. Cmwlth., No. 658 C.D. 2016, filed June 28, 2017)(*en banc*), I dissent here as well.


                                _____
                                  JOSEPH M. COSGROVE, Judge